THE PEOPLE OF THE STATE OF NEW YORK EX REL. WILLIAM J. BEST, APPELLANT, v. CHARLES M. PRESTON, AS SUPERINTENDENT OF THE BANKING DEPARTMENT OF THE STATE OF NEW YORK, RESPONDENT.

*Banks — special examiner's compensation — stale demand — res adjudicata — rights of the bank which is to pay — statute of limitations.*

In 1877 one Best was appointed by the banking department of the State of New York a special examiner to examine a bank. The expense of such work, it is directed by statute, shall be paid by the corporation examined·in such amount as the superintendent of the banking department shall certify to be just and

reasonable. The special examiner completed his work on February 27, 1878, and was paid therefor in part, but deemed the payment proposed to be made in full, for such work, insufficient.

In 1887 Best applied to the then superintendent of the banking department for a. certificate for what he deemed a reasonable amount, but his application was denied upon the ground that the failure, during a period of nearly ten years, to demand or to receive a certificate was a bar thereto.

In 1890 Best applied again to the superintendent for such a certificate, who denied it upon the grounds that the claim was stale and that the decision of his prede- cessor was *res adjudicata.*

An application for a peremptory *mandamus* to compel the giving of such a certificate by the superintendent was denied.

*Held,* that this was proper.

That the refusals of the two superintendents to issue such a certificate were not refusals to act, but constituted in each case a judicial decision that the examiner had no present claim.

That the decision of the first superintendent was *res adjudicata* as to the second, and was binding upon the latter.

That, in both instances, the remedy of the examiner was by *certiorari,* and that a *mandamus* was improper.

That as the claim of the examiner was one against the bank, and not one against. the State, the bank had a right to insist that the decision of the first superin- tendent was an absolute bar to a further application upon the same claim.

That a *mandamus* cannot be granted after the period fixed by statute as a bar to an action has expired.

That the examiner's right to demand said certificate accrued, in analogy to the principle laid down in section 410 of the Code of Civil Procedure, upon the day when he finished his work, *i. e.,* February 27, 1878.

That he could not extend the time by neglecting to demand a certificate.

APPEAL by the relator, William J. Best, from an order of the Supreme Court, entered in the office of the clerk of Albany county on the 31st day of March, 1891, refusing to grant a motion that a peremptory writ of *mandamus* issue to Charles M. Preston, as. Superintendent of the Banking Department of the State of New York, directing him to certify such amount of compensation as he should deem just and reasonable to be paid to said Best by the Union Dime Savings Institution of the State of New York for services rendered by said Best in and about a special examination made by him of said institution.

*John T. McDonough,* for the appellant.

*Charles F. Tabor* and *I. H. Maynard,* for the respondent.

Learned, P. J.:

This is an appeal from an order denying relator's motion for a writ of peremptory *mandamus*.

In 1877 the relator was appointed by the banking department a special examiner to examine the Union Dime Savings Bank of New York. He entered on his work September 26 and continued till February 27, 1878. The statute says that the expense "shall be paid by the corporation examined, in such amount as the superintendent shall certify to be just and reasonable." (Laws of 1875, chap. 371, § 43.) During the examination the bank paid for this examination, for services, expenses, services of accountant, attorneys and clerks and disbursements, in all $8,356.05. This included $2,500 for the services of the relator paid to him.

After the examination Mr. Lamb, acting superintendent of the banking department, proposed to certify, under the law, $2,500 in full for compensation, being the amount already received. The relator deemed this insufficient, but presented no bill, and no formal action was taken by the acting superintendent.

In November, 1887, the relator applied to Mr. Paine, then superintendent of the banking department, for a certificate of the amount deemed just and reasonable. Mr. Paine denied the application March 3, 1888, holding that the *lapse of ten years* since the services and the failure to give or demand a certificate during that time was a bar. Mr. Paine wrote a full and careful opinion and concluded by saying: "If I am wrong in this opinion, the examiner has his remedy in the courts."

In May, 1890, the relator applied to Mr. Preston, the superintendent of the banking department, to re-open and re-hear the matter and to make the said certificate, and about December 31, 1890, the superintendent denied the application, writing an opinion and giving two reasons for his refusal. First, that the claim was stale and the applicant was barred; second, that the decision of Mr. Paine was *res adjudicata* and a bar to the re-opening of the matter.

Thereupon the relator applied for a peremptory *mandamus*, which was denied. The opinion of the learned justice holds that the act of granting a certificate is judicial, and, therefore, *mandamus* does not lie. Also, that if the relator felt aggrieved by the decision of Mr. Paine he should have reviewed it by *certiorari*. Also, that

Mr. Preston properly held that the decision of Mr. Paine was *res adjudicata*.

The learned counsel for the relator on this appeal, while he does not dispute the general rule that *mandamus* does not lie to direct a judicial or *quasi* judicial officer how to act, insists that neither Mr. Paine nor Mr. Preston did act on the application, but that each refused to exercise judicial discretion; the former on the ground of the staleness of the claim, the latter on the ground of *res adjudicata*.

The question, then, is this: When the relator applied for a certificate to Mr. Paine, and Mr. Paine refused it on the ground that the claim was stale (or barred by the statute), was that decision an acting or a refusal to act? We think it is the former. It was a judicial decision that the claim was stale. That decision presupposed a consideration of the services; of the time when they were finished; of the reasonable time thereafter to apply for a certificate; and it might have included a consideration of any excuse for the delay. It appears from the opinion that Mr. Paine considered also the fact that, owing to the lapse of time, the funds in the bank are not the same which they were at the time of the examination; and also that it would not be equitable to charge the depositors of 1888 for services rendered to the depositors of 1878. All this shows judicial action. True, he came to the conclusion to make no certificate. But in a trial at law, a plaintiff who fails because his action is barred by the statute, has a judicial decision as much as if he succeeded. We, therefore, think that the remedy of the relator in both instances was by *certiorari*.

But as the facts are before us, and as another important question is presented, we proceed to consider that without reference to the form of the present proceeding.

Mr. Preston, in refusing to grant the certificate, held that the action of his predecessor, unreversed, was binding on him as *res adjudicata*, in a manner analogous to a judgment in a court. We are of opinion that he was right.

The answer of the appellant to this point is, that a decision is binding in this way only when it is on the merits. (*Osterhoudt* v. *Rigney*, 98 N. Y., 222.) But we have already stated that we consider the action of Mr. Paine to be not a refusal to decide, but a decision. And if a decision, then, of course, on the merits. A judg-

ment that an action is barred by the statute of limitations is just as much a judgment as any other, so far as the matter of *res adjudicata* is concerned.

In *Osterhoudt* v. *Rigney* (*ut supra*, at p. 234) the court says: "The rule which forbids the re-opening of a matter once judicially determined by a competent jurisdiction applies as well to the decisions of special and subordinate tribunals as to decisions of courts exercising general judicial powers." That remark was not *obiter;* for the question of re-opening such a decision was directly before the court. It is hardly necessary to cite any other authority in this State.

In *United States* v. *Bank of the Metropolis* (40 U. S. [15 Pet.], 377) the Supreme Court of the United States, speaking of the powers of the postmaster-general, say: "The right of an incumbent of reviewing a predecessor's decisions extends to mistakes in matters of fact arising from errors in calculation and to cases of rejected claims, in which material testimony is afterwards discovered or produced." Taking this exposition of the right to review claims, the relator's case does not come within it. (See, also, *Lavalette* v. *U. S.*, 1 Court of Claims, 147.)

But there is another consideration. In the present case the relator had no claim against the State. The relator's claim is against the savings bank. The superintendent of the banking department is only the judicial authority to decide the amount. When that has once been decided between the parties the savings bank has a right to insist on the absolute bar to any future application.

In our system of government, where changes of State officers are so frequent, and where one political party may succeed another in a few years, it is of great importance that there shall be no right in a new officer to reverse the decisions of his predecessor. The contrary rule would, in our government, be especially dangerous. And officers themselves should be protected from the importunity of claimants in such cases; even where the claim is one against the State itself.

Still another objection exists. *Mandamus* should not be granted after the period fixed by statute, as a bar to an action has expired. (Code, § 414; *People ex rel. Millard* v. *Chapin*, 104 N. Y., 96.) And may even be refused for laches before that period. Where a

right exists, but a demand is necessary to entitle a person to maintain an action, the time begins to run under the statutue of limitations from the time when the right to make the demand was complete. (Code, § 410.) By analogy to that principle, the relator's right began when he had finished his work, viz., February 27, 1878. He cannot extend his time by neglecting to demand a certificate. (*People ex rel. Sheridan* v. *French,* 15 Abb. N. C., 413.)

The order should be affirmed, with ten dollars costs and printing disbursements.

MAYHAM, J., concurred.

LANDON, J.:

I concur in the result upon the ground quoted in the above opinion from 15 Peters, 377. I think that *mandamus* is the proper remedy when a ministerial officer refuses to perform an act which an individual has the legal right to require, although the refusal may be based upon the officer's misconstruction or misapplication of the law.

Order affirmed, with ten dollars costs and printing disbursements.