## HELLER *v.* DAILEY ET AL.

[No. 4,745. Filed April 22, 1904. Rehearing denied October 14, 1904. Transfer denied January 10, 1905.]

1. LANDLORD AND TENANT.—*Lessee.—Assignee.—Covenant.—Liability.*—Where a lessee enters into a contract with his landlord, and afterwards assigns his lease, such lessee continues liable upon his express covenants, but the assignee becomes liable upon those covenants that run with the land, the lessee being liable because of privity of contract, the assignee because of privity of estate, and an assignee in possession, or who has the immediate right to possession, under a lease when rent falls due, will continue liable notwithstanding a subsequent assignment. p. 427.

2. SAME.—*Lease.—Parol Surrender.—Statute of Frauds.*—A parol agreement between the lessor and lessee to substitute an assignee of the lessee and to bind the assignee to the terms of the lease and relieve the lessee, is void as against the statute of frauds, such lease being for an interest in land and not being for three years or less. p. 428.

3. SAME.—*Lease.—Incorporeal Hereditament.—Parol Surrender.*— The written lease of an incorporeal hereditament can not be surrendered except by a written instrument. p. 428.

From Wells Circuit Court; *John W. Headington,* Special Judge.

Action by Lemuel Heller against Michael Dailey and others. From a judgment for defendants, plaintiff appeals *Reversed.*

*Levi Mock, John Mock* and *George Mock,* for appellant.

*Joseph S. Dailey, Abram Simmons* and *Frank C. Dailey,* for appellees.

Henley, C. J.—Appellant commenced this action to collect rents alleged to be due on an oil and gas lease. Upon the former appeal in this case (*Heller* v. *Dailey* (1902), 28 Ind. App. 555) the judgment of the trial court was reversed and the cause remanded, with instruction to sustain the demurrer to certain answers.

In the trial court, appellees filed an amended third, fourth and fifth paragraph of answer. To each of these answers appellant addressed a demurrer, which the court overruled, and, appellant refusing to plead further, judgment was rendered on demurrer.

The alleged errors brought to the attention of this court relate to the action of the trial court in overruling appellant's demurrer to the third, fourth and fifth paragraphs of answer. The answers filed by appellees are substantially alike, and contain the following allegations: That, pursuant to the terms and conditions of the lease mentioned in the complaint, appellees, prior to the time they sold and assigned said lease to the Capital Oil Company, drilled two oil-wells on the premises therein described, which wells were drilled and completed within 120 days from the execution of the lease; that the wells so drilled produced large quantities of oil, and the appellant received and accepted the interest in the oil so produced, as was provided in the lease; that, prior to the expiration of 180 days from the date of the execution of the lease, appellees were attempting to sell to the Capital Oil Company the lease and the prop-

erty placed by them on the leased premises, and that at said time said Capital Oil Company, by its agent, William H. Dye, and these appellees, called upon appellant and informed him that appellee Dailey was about to sell and assign his lease to said Capital Oil Company, and that said lease would be sold and assigned to said Capital Oil Company if appellant would agree to substitute the Capital Oil Company as the lessee. in said lease, and release appellees from all liability under said lease that might accrue after such sale and transfer; that appellant then and there promised and agreed with appellees that if they sold and transferred the lease and property owned by them to the Capital Oil Company, he would accept the Capital Oil Company as the lessee in said lease, and as his sole and only tenant under said lease, and would accept said company for the payment of all liabilities and rentals that might accrue thereunder, and that he would release appellees from all liabilities under and by virtue of said lease; that, in accordance with said contract and agreement, and in consideration of the promise and agreement of appellant to release appellees from any liability under the lease, appellees sold, conveyed, assigned and transferred said lease and all property thereon to said Capital Oil Company, and said Capital Oil Company then and there took immediate and absolute possession of the land under said lease, and all the property thereon, all of which was done with the knowledge and consent and at the request of the appellant; that appellant then and thereafter accepted the Capital Oil Company as his sole and only tenant, and accepted the said company for the payment of all liabilities and rentals which afterward accrued under said lease, and the said Capital Oil Company agreed with appellant and appellees to become the sole tenant of appellant, and to pay and discharge all the obligations, rentals and liabilities arising under said lease and to comply with all the terms of said lease; that after the sale and transfer by appellees of their interest in said lease to the Capital

Oil Company, said company caused to be produced, and did produce, large quantities of oil from the wells drilled under said lease on appellant's land, and delivered the part of the oil due appellant under said lease to said appellant, which oil appellant at all times accepted. It is further averred that at the time the lease and the property thereon were so sold, assigned and transferred to said Capital Oil Company, no rental was due thereon, but the same had been fully paid up to and including the date of said sale and transfer, and such rental had been accepted by appellant.

1. It was held by this court upon the former appeal (*Heller* v. *Dailey, supra*) that the answers were insufficient, because they attempted to plead a surrender; that a verbal surrender is ineffectual; and that a surrender by act and operation of law was not sufficiently alleged; the court saying at page 570: "It is generally established that the lessee, who before his assignment of the lease to a third person is bound by both the express and the implied covenants of the lease, continues after the assignment to be liable upon his express covenants therein, as if no assignment had been made, and that the assignee is liable to the lessor upon all the covenants which run with the land, for nonperformance thereof while the estate is in him, but is not liable for breaches of any covenants which occur before the assignment to him or after his assignment to another, the liability of the lessee after his assignment resting in privity of contract, that of the assignee resting in privity of estate and continuing only while such privity exists, though he remains, after his assignment to another, liable for breaches which he committed while he had the estate. If the assignee hold possession under the lease, or have immediate right to the possession, when any rent falls due, he will continue liable therefor, and will not escape such liability by his subsequent assignment; and this is true whether he became assignee by the act of the lessee or of the lessee's assignee or by act of the law, as by purchase at a sheriff's

or receiver's sale. *Fennell* v. *Guffey* [1891], 139 Pa. St. 341, 20 Atl. 1048; *Aderhold* v. *Oil Well Supply Co.* [1893], 158 Pa. St. 401, 28 Atl. 22; *Edmonds* v. *Mounsey* [1896], 15 Ind. App. 399; *Breckenridge* v. *Parrott* [1896], 15 Ind. App. 411.

2. "The appellees, Dailey and Eddington, who would thus be liable to lessees upon their express covenants in a mining lease for breaches thereof accruing after the assignment thereof by them, sought by their answers to show a surrender to the appellant. In none of the paragraphs was a written surrender shown. If we are correct in characterizing the written instrument as a grant of an interest in land, then, not being a lease for three years or less, and being necessarily in writing, it could not be surrendered in fact without a writing, whether classed as a grant of an incorporeal hereditament or as a lease; and, therefore, it can not be held that any surrender in fact was properly pleaded. In the third paragraph of each answer it was sought to set up an agreement for a surrender between the lessor and the holders of the lease, one holding an interest therein as lessee, and therefore bound by privity of contract, the other having an interest by privity of estate as assignee, and, in consideration of such surrender, a release of the lessees 'and their assigns'. This pleading can only be regarded as an attempt to show a surrender in fact, and it must be held insufficient for such purpose."

We can not see in what respect the amended answers constitute a different defense from that set up by the answers which were held insufficient in the former appeal of this case. Whether the contract here involved was a grant of an incorporeal hereditament or a lease of real estate for more than three years, it could not be surrendered by parol contract, though, if it were regarded as a lease for more than three years, it might be surrendered by operation of law.

3. The opinion of this court upon the former appeal

(*Heller* v. *Dailey*, *supra*) plainly indicates that the contract was the grant of an incorporeal hereditament, although it was shown that if it was regarded as a lease for a term of more than three years it could not be surrendered, except by writing or by operation of law; and it was expressly held that the contract could not, in any view, be regarded as a lease for three years or less. An incorporeal hereditament can not be surrendered except by written instrument. It can not be surrendered by parol contract or by operation of law, and, notwithstanding what was said by this court in the former opinion concerning surrenders of leases for terms of more than three years, the contract under consideration was held to be a grant of an incorporeal hereditament, and one which could not be surrendered except by written instrument. The law as there stated must be regarded as controlling. The facts stated in the answers would not release appellees from liability under the contract. The law as announced by the court upon the former appeal of this case remains the law of the case through all its stages, whether right or wrong; and, under the rules of law as therein announced, the trial court ought to have sustained appellant's demurrer to the third, fourth and fifth paragraphs of amended answer.

The judgment is reversed, with instructions to the trial court to sustain appellant's demurrer to the third, fourth and fifth paragraphs of appellee's answer.