Case 7.—ACTION  BY  SALLIE  CAIN  AGAINST  THE  UNION
    CENTRAL  LIFE  INSURANCE  COMPANY  ON  A  CON-
    TRACT  OF  LIFE  INSURANCE.—May 18.

## Cain v. Union Central Life Insurance Company.

Appeal from Franklin Circuit Court.

Judgment for defendant.  Plaintiff appeals.  Affirmed.

ROBERT L. STOUT, Circuit Judge.

1. Judgment—Res Judicata—Affirmance on Appeal by Divided
   Court—Law of the Case.—The affirmance of a judgment on
   appeal by an equally divided court is binding in a subsequent
   action between the same parties involving the same issue,
   though the judgment is erroneous.
2. Same—Dismissal of Action—Bar by Limitation.—A judgment
   sustaining a demurrer to a reply to an answer setting up the
   statute of limitations in bar to the action, and dismissing the
   action on plaintiff declining to plead further, is a judgment on
   the merits, and, when affirmed on appeal, is binding on the
   parties in a subsequent action involving the same issue,
   though the judgment is erroneous.

JOHN W. RAY, for appellant.

### POINTS AND AUTHORITIES.

1. A plea of limitation is a plea to the remedy and not to the
merits.  (Smart v. Baugh, 3 J. J. M., 364; Bulger v. Roche, 11
Pick. (Mass.) 36; Thayer v. Mann. 19 Pick., 535; Brigham v. Bige-
low, 12 Met., 268; Putnam v. Dike, 13 Gray, 535; Hancock v.
Ins. Co., 114 Mass., 155; Shaw v. Silloway, 145 Mass., 503;
Jackson v. Holbrook, 36 Minn., 494; Christy v. Harlin, 49 Mich.,
349; Sturgis v. Crowninshield, 4 Wheat., 122; Waltemire v. West-
over, 14 N. Y., 16; Grant v. Burr, 54 Calf., 298; Buckingham v.
Ludlum, 37 N. J. Eq., 187; Parker v. Grant, 91 N. C., 338;
Goodwin v. Morris, 9 Or., 322; Campbell v. Maple's Admr., 105
Pa. St., 304; Jordan v. Jordan, 85 Tenn., 561; Owen v. DeBau-
vier, 16 Mees. & W., 547; Dawkins v. Perhyn, 6 Ch. Div., 318;
In re Alison 11 Ch. Div.,284; Campbell v. Holt, 115 U. S., 620.)

Cain v. Union Central Life Insurance Company.

2. The former judgment pleaded as res adjudicata was not on the merits and is no bar. (Birch v. Funk, 2 Met., 544; Pepper v. Donnelly 87 Ky., 259; Maize v. Bowman, 93 Ky., 205; VanFleet on Former adjudication §§38, 43, 47 and 53; Keller v. Stolzenbach, 20 Fed. Rep., 47; Jackson v. Elliott, 49 Tex., 62; Alabama R. R. v. Blevens, 92 Ga., 522; Wheeler v. Buckman, 51 N. Y., 391; McLaughlin v. McGee, 79 Pa. St., 217; Hammergin v. Schurmeier, 3 Fed., 77; Robinson v. M. & M. T. Co., 16 R. I., 217 and also 637; Knox v. Waldoboro 5 Me., 185; Reynolds v. Garner, 66 Barb., 310; Gunmer v. Trustees, 50 Wis., 247; Bitzer v. O'Brien, 107 Ky., 596.)

3. The opinion in the Spinks case 26 Rep. 1205, operates on the former judgment pleaded as a repeal of the limitation clause and revives the action. (Campbell v. Holt, 115 U. S., 620; Drury v. Henderson, 143 Ill., 320; Dyer v. Balfast, 88 Me., 143; Phenix Ins. Co. v. Pollard, 63 Miss., 663; Landa v. Obert, 78 Tex., 46; Bates v. Cullum, 177 Pa. St., 637; Atty. Gen. v. Jochim, 90 Mich., 373; Hurlburt v. Clarke, 128 N. Y., 298 and the dissent in Currien v. Studley, 159 Mass., 26.)

4. The cause of action is not the same. (On the question as to the former judgment being res judicata. Campbell v. Hunt, 104 Ind., 210; former judgment 83 Ind., 48; Insurance Co. v. Broughton, 109 U. S., 121, approved by this court in 87 Ky., 259; Kelly v. Town Milan (Tenn.), 127 U. S. 149, agreed judgment no bar; Coit v. Bland, 22 Howard Practice; 2 dismissal under code a non suit Dexter v. Clarke, 22 How. Pr., 289, dismissal either before or after evidence no bar to second action; Wheeler v. Buckman, 2 Abb. N. S., 186, again same case 35 How. Pr., 350, and affirmed in court of appeals, 51 N. Y., 391; Bitzer v. O'Brien, 107 Ky., 590, a dismissal of an appeal for want of jurisdiction on motion stating that ground is no bar to a second appeal, because not on the merits; Pendergrass v. Yost Mfg. Co., 76 Maine, 509; Yankey v. Sweeney, 85 Ky., 55; Apsden & Co. v. Nixon, 4 Howard (U. S. ), 499, held, a judgment and decree of dismissal of suit in Court of High Chancery was not on merits, although that had been adjudged in the Court of Exchequer, on the same judgment.)

GREENE & VANWINKLE for appellees.

## PROPOSITIONS AND AUTHORITIES.

1. The action instituted in the Franklin Circuit Court in March 1899, was upon the same cause of action as that upon which this action is based. (Lee v. Union Cent. Life Ins. Co., 56 S. W., 724; 22 Rep., 712; Lee v. Union Cent. Life Ins. Co., 41 S. W., 319; 19 Rep., 608.)

Cain v. Union Central Life Insurance Company.

2. The fact that the opinion rendered in case of Lee v. Ins. Co. was subsequently overruled, as authority, in nowise changes its effect upon the rights of the parties under it. (Thompson v. Banking Co. Ky., 55 S. W., 1080; 21 R., 1611; Thompson v. McNeal, Ky., 84 S. W. 1145; W. 27 R. 289; Simmons v. Samuels, Ky. 61 S. W. 17; 22 R. 1670; Hopkins v. Adam Roth Co. Ky. 49 S. W., 18; 20 R., 1227; Lewis v. Lewis, Ky., 12 S. W., 1134; 11 R., 413; C., N. O. & T.P. Ry. v. Pemberton, 9 Rep., 859; Jenkins v. Headley, Ky., 40 S. W., 461; 19 R. 290.)

3. A judgment holding a claim barred by limitations is "upon the merits," and constitutes a bar to any subsequent action upon the same cause. (Francis v. Wood, 81 Ky., 16; Wooley v. Bank. Co., 21 Ky., 527; Maize v. Bowman, 93 Ky., 205; Thompson v. Bank Co., 55 S. W., 1080; 21 Rep., 1611; Long v. L. & N. Ry., 54 S. W., 178; 21 Rep., 1151; Pepper v. Donnelly, 8 S. W., 441; 10 R., 140; Lawrence v. City of Louisville, 96 Ky., 595; Van Hoffman v. Quincy, 71 U. S. 4 Wall., 554; McCracken Co. v. Trust Co., 84 Ky., 344; Parkes v. Clift, 9 Lea, 524; People v. Preston, 62 Hun. 188—aff. 131 N. Y., 644; Price v. Bonnifield, 2 Wyo., 80; Collins v. Ins. Co., 91 Tenn., 432.)

OPINION BY CHIEF JUSTICE HOBSON—Affirming.

On March 6, 1899, appellant Sallie Cain, who was then Sallie Lee, instituted an action in the Franklin circuit court against the appellee, the Union Central Life Insurance Company, on a contract of insurance made on September 24, 1894, whereby, as she alleged, the life of J. T. Lee was insured in the sum of $2,000 for her benefit. The defendant answered, pleading, among other things, a contract limitation of one year in bar of the action. She replied to the answer. The circuit court sustained a demurrer to so much of her reply as related to the contract limitation of one year, and, she declining to plead further, a judgment was entered that the action be dismissed absolutely and that the defendant recover its cost. From this judgment she appealed to this court, and by an equally divided court the judgment of the circuit court was affirmed. Lee v. Insurance Co., 56 S. W. 724, 22 Ky. Law Rep. 1712. Subsequently, on March 23, 1905, she brought this

suit on the same cause of action against the same defendant. The defendant pleaded the judgment in the former case in bar of the action. The circuit court held the plea good and dismissed the action. From this judgment she appeals.

After the decision of the former case this court in the case of Union Central Life Insurance Company v. Spinks, 119 Ky. 261, 83 S. W. 615, 26 Ky. Law Rep. 1205, 69 L. R. A. 264, overruled the opinion rendered in the former case. But, although this is true, the judgment in that case is binding upon the parties to the action. In Thompson v. Louisville Banking Company, 55 S. W. 1080, 21 Ky. Law Rep. 1611, we had this precise question presented, and in disposing of it we said: "The opinion rendered in these cases is the law of the cases, however erroneous it may have been. The fact that it was overruled in a subsequent case between other parties destroys it as a precedent in other cases, but it is nevertheless binding on the parties to this controversy. The rule is elementary that a matter once litigated and determined finally cannot be relitigated between the same parties. When these cases were returned to the court below, that court had no alternative but to obey the mandate of this court, and upon appeal from that judgment this court is as much bound by that mandate as the court below was. If this were not so, litigation would be interminable, and a judgment of this court finally settling the rights of the parties would be only the starting point for new litigation." In Cincinnati, etc., R. R. Co. v. Pemberton, 9 Ky. Law Rep. 859, the plaintiff, after an opinion by this court, dismissed his action without prejudice and brought a new suit on the same cause of action. The same defense was interposed, and on appeal it was held that the court must regard it as the same case which was considered on the former appeal, and that the judgment then rendered was conclusive of all questions before the

court. The same rule was applied by this court where, after an opinion by the superior court the plaintiff dismissed his action without prejudice and brought a new suit. Jenkins v. Headley's Ex'r. 40 S. W. 460, 19 Ky. Law Rep., 290.

It is earnestly contended for the appellant that a judgment upon a plea of limitation is not a judgment on the merits, and does not bar the plaintiff in a subsequent suit on the same cause of action. We cannot accede to this view. The judgment on the former appeal determined that the plaintiff's cause of action was barred by limitation. The parties were before the court. The question whether she could maintain the action or not was the thing litigated and determined. It having been determined then that she could not maintain the action by reason of the lapse of time, that judgment is conclusive upon the parties. In Freeman on Judgments, § 260, the rule as to what is a judgment on the merits is thus well stated: "To create such a judgment, it is by no means essential that the controversy between plaintiff and defendant be determined 'on the merits,' in the moral or abstract sense of these words. It is sufficient that the status of the action was such that the parties might have had their lawsuit disposed of according to their respective rights, if they had properly presented all their evidence, and the court had properly understood the facts and correctly applied the law." In section 261 it is pointed out that the rule does not apply to judgments of nonsuit, nolle prosequi, etc., and in section 267 the rule as to judgments on matters of law is thus stated: "A judgment on demurrer to the plaintiff's complaint is conclusive of everything necessarily determined by such judgment. If the court decides that plaintiff has not stated facts sufficient to constitute a cause of action, or that his complaint is otherwise liable to any objection urged against it upon demurrer, such decision does not

extend to any issue not before the court on the hearing of the demurrer. It leaves the plaintiff at liberty to present his complaint in another action, so corrected in form or in substance as to be no longer vulnerable to the attack made on it in the former suit. But a judgment upon demurrer may be a judgment on the merits. If so, its effect is as conclusive as though the facts set forth in the complaint were admitted by the parties or established by evidence submitted to the court or jury.. No subsequent action can be maintained by the plaintiff, if the judgment be against him, on the same facts stated in the former complaint.''

If any court err in sustaining a demurrer and entering judgment for defendant thereon, when the complaint is sufficient, the judgment is nevertheless ''on the merits.'' It is final and conclusive until reversed on appeal. Until then the plaintiff cannot disregard it and maintain another action. The effect of a judgment still in force is never diminished on account of any mistake of law on which it is founded. A judgment in favor of defendant on demurrer to an answer is a bar to a subsequent suit for the same cause of action. In the former suit referred to, on the demurrer to the reply it was determined that upon the facts stated the plaintiff could not maintain her action and that the action ''be dismissed absolutely.'' This, under all the authorities, was a judgment on the merits. In 24 Am. & Eng. Ency. of Law, p. 796, the rule is thus stated; ''A finding against a party, either upon final hearing or demurrer, that his cause of action as shown by him is barred by the statute of limitations, or by laches, is a decision upon the merits concluding the right of action.'' See, also, Francis v. Wood, 81 Ky. 16; 4 Ky. L R 16, Parkes v. Clift, 9 Lea (Tenn.) 524; People v. Preston, 62 Hun, 188, 16 N. Y. Supp. 488; Id., 131 N. Y. 644, 30 N. E. 866; Price v. Bonnifield, 2 Wyo. 80; 2 Black on Judgments, §§ 694, 699. Judgment affirmed.