DAILEY ET AL. *v.* HELLER.

[No. 5,876. Filed May 16, 1907. Rehearing denied October 30, 1907, Transfer denied March 11, 1908.]

1. PLEADING.—*Complaint.*—*Contracts.*—*Breach.*—*Initial Attack on Appeal.*—*Res Judicata.*—Where the complaint states that defendants failed to comply with the terms of their contract, and then specifically alleges wherein they failed, it is sufficient when attacked for the first time on appeal, especially where on prior appeals it had impliedly been held sufficient in sustaining demurrers to answers. p. 381.

2. SAME. — *Complaint.* — *Contracts.* — *Assignments.* — A complaint showing that defendant lessees assigned their lease which contained their express covenant to pay, is not bad as failing to show a liability, since such assignment would not release them from their covenant. p. 381.

3. CONTRACTS.—*Leases.*—*Covenants.*—*Parol Releases.*—An express covenant to pay, contained in a written gas and oil lease, cannot be released by a parol agreement entered into by which the lessor agreed with the lessees and their assignee to permit such assignee to be substituted as lessee, and to relieve such lessees from liability. p. 381.

4. APPEAL.—*Judgment.*—*Law of the Case.*—*Answer.*— Where an answer setting out certain facts has been held insufficient upon prior appeals, such decisions are *res judicata* as to the sufficiency of such facts, when pleaded in a subsequent answer. p. 383.

5. CONTRACTS.—*Breach.*—*Evidence.*—*New Trial.*—Where the evidence shows that defendants violated their contract, to plaintiff's damage, a decision for plaintiff is not unsupported by the evidence. p. 383.

6. SAME.—*Drilling Wells.*—*Time.*—A contract providing that defendants shall drill "at the rate of one well every sixty days after date until five wells are completed" means that one well should be drilled within sixty days, a second, within 120 days, etc., from the date of the lease. p. 383.

7. SAME.—*Drilling Wells.*—*Failure.*—*Penalty.*—Where the first well is drilled within the time fixed in a contract, a provision therein, that in case no well is completed within 60 days from date the grant shall become null and void unless a penalty of $1 per day is paid for each day completion is delayed, does not apply in determining liability for delay in sinking subsequent wells. p. 384.

8. DAMAGES.—*Contracts.*—*Drilling Wells.*—*Delay.*—Where a contract provides that in case any well is not completed in sixty days the lessees shall pay $1 per day until such well is completed, the contract calling for the sinking of five wells, the $1 payment attaches to each of three alleged delayed wells for the days each of the wells was delayed. p. 384.

9. APPEAL.—*Parties.*—*Death.*—Where an appellant died after submission of the cause on appeal, the judgment will be entered as of date of submission. p. 385.

From Wells Circuit Court; *C. W. Watkins,* Special Judge.

Action by Lemuel Heller against Michael Dailey and another. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*Abram Simmons* and *Frank C. Dailey,* for appellants.
*Levi Mock, John Mock* and *George Mock,* for appellee.

MYERS, C. J.—This was an action by appellee against appellants to enforce the payment of alleged rentals, claimed to be due him by virtue of a gas and oil lease.

From a judgment in favor of appellee, appellants appeal, and assign as errors: (1) That the complaint does not state facts sufficient to constitute a cause of action; (2) the sustaining of appellee's demurrer to the amended third para-

graph of answer; (3) the overruling of appellants' motion for a new trial; (4) the overruling of appellants' motion to modify the judgment.

This is the third appeal. *Heller* v. *Dailey* (1902), 28 Ind. App. 555; *Heller* v. *Dailey* (1905), 34 Ind. App. 424.

The complaint is first questioned in this court by an assignment of error that it does not state facts sufficient to constitute a cause of action. The only objection urged against it is that it fails to aver a breach of the contract. But the complaint not only avers that appellant failed to comply with the terms of the lease, but specifically states in what particular it failed. On each of the former appeals the court impliedly held the complaint sufficient in sustaining the demurrer to the answer. It is true, the complaint shows an assignment of the lease, but it was held on the first appeal that the assignment did not release appellants from liability on the express covenant to pay contained in the lease. After judgment the complaint is sufficient to withstand the present attack.

Considering the second error, it will be observed that upon the first appeal (*Heller* v. *Dailey* [1902], 28 Ind. App. 555) the answers of the present appellants were held insufficient, upon the ground that they attempted to plead a parol surrender of their interest in the land which was granted in the lease. It was further held that the assignment of the lease on which action is brought did not relieve the assignors from liability on the express covenant therein. When the case went back for trial, appellants filed amended answers, which the court on appeal held to be substantially alike, and the substance of which is given in the opinion on the second appeal (*Heller* v. *Dailey* [1905], 34 Ind. App. 424). In that appeal it was held that the amended answers did not constitute any different defense from that set up by the answers which were held insufficient on the first appeal, and the judgment was reversed, with instructions to sustain the demurrer to these answers. The

case was remanded, and appellants filed the answer in question. This answer alleges, in substance, that prior to the time the lease was assigned to the Capital Oil Company, and within 120 days from the date of the lease, defendants completed two wells which produced oil, and from which appellee has since received the royalty; that prior to 180 days after the date of the lease appellants were negotiating for the sale of the lease to the Capital Oil Company; that this company and appellants notified appellee that such sale could be made if appellee would agree to accept rentals from the company; that appellee said he desired a change of ownership of the lease, and would accept rentals from the company instead of from appellants; that the company, appellants and appellee met, and verbally agreed that, if appellants would assign the lease and property to the company, as a part of the consideration to be paid by the company to appellants, the company would assume to pay all rentals, and that appellee would accept the company as the payor of all such rentals; that, in accordance with this agreement, appellants sold and assigned in writing the lease of the company, and said company took immediate possession and commenced to produce oil from the premises; that the parties acted upon this agreement and ratified the same, and the company paid appellee all rentals thereafter until the appointment of a receiver, as averred in the complaint; that, acting under this agreement and assignment, the company produced 4,000 barrels of oil, of the value of $2,000, out of which the company paid appellee the royalty provided in the lease; that appellants relied upon the promise of appellee to accept the company as sole payor of rentals when it assigned the lease, and would not have made the assignment but for such promise on appellee's part; that, when the assignment was made, all rentals to that time had been paid and accepted by appellee.

A comparison of this answer with the answer considered by this court when the case was here on the last appeal will

disclose that the two answers are substantially the 4. same. The answer now pleaded undertakes to defend the action with the same facts substantially as were then pleaded. This being true, the holding of the court on that appeal, so far as the sufficiency of this answer is concerned, is the law of the case on this appeal, and, under the ruling there announced, the trial court did not err in sustaining appellee's demurrer thereto.

The reasons assigned for a new trial and argued are that the decision of the court is not sustained by sufficient evidence, and is contrary to law. In our opinion, the 5. evidence in the record is sufficient to support the finding of the trial court. It is true that the complaint shows an assignment of the lease, but no facts are pleaded in the complaint which can be said to show that appellants were relieved from the rental obligation by any assignment, and it is stated in appellants' brief that "the appellants do not mean to assert that by the assignment of the property they were relieved of the rental obligation." The evidence shows that appellants drilled but two wells, and that the time had long since passed within which they were to drill the other wells called for by their agreement in the lease. From the direct evidence given and the inferences that could properly be drawn from this evidence, it cannot be said that the evidence failed to show a breach of the contract. The motion for a new trial was properly overruled.

The motion to modify the judgment was based upon the theory that appellee in no event was entitled to 6. more than $1 per day for the delay in sinking wells, instead of $3, as found by the court. It was not error to overrule the motion. The lease provides:

"In case no well is completed within sixty days from this date, then this grant shall be null and void, unless second party shall pay to the said first party $1 per day in advance for each day thereafter such completion is delayed. * * * And it is further agreed that the parties of the second part shall drill a well at the rate

of one well every sixty days after date until five wells are completed. In case any well is not completed in said sixty days, as before provided for, parties of the second part shall pay $1 per day in advance until said well is completed."

Two wells were drilled. The lease means that one well should be drilled within sixty days from the date of the lease and another within one hundred and twenty days from that date, and not within sixty days from the completion of the first well. The time for drilling each well is definitely fixed in the lease, and does not depend upon any contingency. *Bettman* v. *Shadle* (1899), 22 Ind. App. 542. It appears that within 120 days from the date of the lease the two wells were completed. The parties were carrying out the provision "of one well every sixty days after date," and they were required to continue so doing until "five wells are completed." Then follows the provision that "in case any well is not completed in said sixty days, as before provided for, parties of the second part shall pay $1 per day in advance until said well is completed."

The first provision in the lease, providing a penalty for failing to drill a well within sixty days of the date of the lease, is not to be considered in determining the liability for failure to drill the last three wells, for the reason that this provision became ineffective after the first well was drilled within the time fixed, and the liability for failure to drill the wells for which this suit was brought is to be determined by the concluding clause before set out.

It is true, the lease does not say that the lessee shall become liable for $5 or $4 or $3 per day; but, a well having been drilled within sixty days from the date of the lease, it does say that for the failure to drill any well within these sixty-day periods the lessee shall pay $1 per day until that well is completed. The parties to the contract expressly stipulated not only the number of wells that should be drilled, but when each one of that number should

be drilled, and agreed upon the amount that should be paid for failure to comply with the agreement.

Its having been suggested that Michael Dailey, one of the appellants herein, has died since the submission of this cause, the judgment on appeal is ordered entered as of the date of submission. Judgment affirmed.