JOHN H. NEWTON, Appellee, v. O. A. YOUNG et al., Appellants.

FRAUD: Evidence—Similar Transactions. On the issue of fraudulent representations with intent to defraud, evidence of similar nonremote representations in the same community is admissible.

FRAUD: Fraudulent Representations—Intermingled Fact and Opinion. It is no valid objection to an offer of proof of materially false representations that the representations are inseparably interwoven with matter of opinion.

*Appeal from Benton District Court.*—B. F. Cummings, Judge.

May 6, 1924.

Action in tort, to recover damages predicated on fraud in an oil stock transaction. Trial to a jury, resulting in a verdict in favor of plaintiff in the sum of $5,559.01. From the judgment entered, defendants appeal.—*Affirmed.*

*Kirkland & White* and *John M. Redmond,* for appellants.

*Tobin, Tobin & Tobin,* for appellee.

De Graff, J.—This action sounds in fraud. The petition and record present a word picture of a "blue-sky proposition" done in oil. It appears that different citizens of Benton County, Iowa, including plaintiff, were approached by the defendants for the purpose of selling to them shares in a Kansas oil lease, and in the consummation of the scheme, the fraudulent representations, as pleaded, are legion. The verdict finds ample support in the evidence introduced on behalf of the plaintiff. Defendants rested, at close of plaintiff's case, without the offer of any testimony.

The record discloses that a certain Doctor O. A. Young, of Kansas City, defendant herein, was the primary representer, aided and abetted by the other defendant Loren S. Hite, a resident of Benton County, and well acquainted with the subscribers to the proposition. Plaintiff charges in his petition that he was induced by the misrepresentations to execute two promissory notes, of $2,500 each, which were subsequently paid. The two-note arrangement was made, as recited by plaintiff, for the reasons assigned by the defendant Young, "that, long before the second note would become due, and in all probability before the maturity of the first note, oil in vast quantities would be flowing from wells which were about to be drilled upon the real estate in question, and that plaintiff's profit from such wells would be far in excess of the amount of his notes." Plaintiff, for cause of action, states, *inter alia,* that the defendants represented to him that O. A. Young was the fee-simple owner of a certain 40-acre tract of land in Marion County, Kansas; that the

said tract was the best and most promising tract of oil land in the country; that it was in close proximity to flowing oil wells; and that, without doubt, oil could be readily produced thereon; that the said tract of land was purchased by Young at a cost of $38,000, and that he desired to obtain therefrom, in connection with this transaction with plaintiff and others, merely the return of his invested capital; that defendant Young was a man of great wealth; that at that time there remained available only one-eighth share or interest, to the extent of five acres, which it would be possible for defendants to dispose of to this plaintiff for $5,000; that the names of prominent and influential citizens of Benton County were mentioned, as interested with the defendants in the proposition; that, upon the payment of the $5,000, the plaintiff would become the absolute and unqualified owner of the undivided one-eighth interest in and to all of said 40-acre tract of land and all of the oil and gas rights therein; that a wealthy and experienced oil driller had agreed to enter upon the 40-acre tract and commence drilling the wells, which would cost between $50,000 and $75,000; and that all of the expense in connection with the said drilling was to be borne by the said well driller; and that the well driller would operate on a percentage basis, so there would be no additional expense or investments required of plaintiff; that, as plaintiff was the last person required to complete the arrangements for the disposal of one-eighth interest to various persons in Benton County, the defendants would immediately enter into a contract with said well driller, and that the said driller would immediately move his equipment upon the said 40-acre tract and commence drilling for oil; that immense profits would be reaped by plaintiff and his associates; that the said 40-acre tract was, in fact, but one mile from a well producing 3,000 barrels of oil per day; that these representations were false, and known by the defendants at the time of making thereof to be false, and were made for the purpose of cheating, deceiving, and defrauding the plaintiff in a fake oil proposition; that plaintiff relied upon representations and agreements, as alleged, and was damaged thereby in the sum of $5,000, with interest.

The defendants, answering, denied each and every allegation of plaintiff's petition, except as to the residence of the parties.

Other matters were pleaded in answer, which are not material to the determination of this case. A multiplicity of errors is assigned by appellants, but the points and propositions are few in number, and the argument is succinctly brief.

On the fact side, it is sufficient to state that the evidence shows that there was no wealthy and experienced oil driller who had agreed to drill wells on the particular tract without expense to plaintiff. No well was ever drilled, and it is apparent that no well was ever intended to be drilled. It was not true that plaintiff was the purchaser of the last one-eighth interest. The pretended oil lease was without any value whatsoever. The land was not oil land, nor was the defendant Young the legal title holder of the fee. We need not pause for a fuller recital of the evidence. The scheme was conceived in fraud and born in iniquity. No other verdict was possible, under the uncontradicted facts and circumstances and the reasonable inferences to be drawn therefrom. Many of the material representations were made, not only to the plaintiff herein, but to other citizens of Benton County, at or near the same time, and in connection with the same proposition. This evidence was competent to prove *scienter* and fraudulent intent. *Henderson v. Ball,* 193 Iowa 812. It is true that some of the representations pleaded were statements *in futuro,* coupled, however, with existing material facts; while others were interwoven statements of material fact and personal opinion. Under such circumstances, it is not the function of the trial court to differentiate, and in effect "sever and divide a hair 'twixt north and northeast side." The jury was presented with a composite word photograph, and it was the only pictured expression based on the evidence that disclosed the transaction in its true light. There was no conflict in the evidence, since the defendant offered no testimony. Whatever is found in this record that would classify as mere opinion or statement, couched in the future tense, is so intermingled with actionable fact statement that it would be impossible "to analyze and separate the influence that one or the other had upon the mind." *Dimond v. Peace River L. & D. Co.,* 182 Iowa 400. They were rightly to be considered, in connection with representations of present ex-

1. FRAUD: evidence: similar transactions.

2. FRAUD: fraudulent representations: intermingled fact and opinion.

isting facts established to be false and made with knowledge of their falsity, or with reckless disregard to the truth of the matter. See, also, *Creamer v. Stevens,* 192 Iowa 920.

Many of the so-called errors based on the admission of evidence or on the submission of the pleaded matters to the jury are not argued, and are not found under points or propositions, as required by our rule of appellate practice. In passing, it may be said that the brief points include two propositions: (1) Proof and allegations in the petition must correspond. (2) It is the duty of the court on his own motion to instruct the jury on the issues of the case. We discover no reversible error under either head. The court fairly and correctly instructed the jury on the issues presented, and what we have said in this opinion is a sufficient answer to the claimed variance between allegations and proof. The judgment must be and it is—*Affirmed.*

ARTHUR, C. J., STEVENS and VERMILION, JJ., concur.