ANTHON STATE BANK, Appellant, v. JIM BERNARD, Appellee.

**EVIDENCE:  Best and Secondary—Contents of Letter.**  Parol evidence
1  of the contents of a letter is admissible when it is made to appear
that the original is not in the possession of the offeror and not
obtainable by him.

**APPEAL AND ERROR:  Curing Error—Withdrawal of Exhibit.**  The
2  withdrawal of an introduced exhibit ordinarily cures all error re-
sulting from its original reception.

**FRAUD:  Evidence—Similar Transactions.**  On the issue of fraud, evi-
3  dence of other transactions of a similar nature by the alleged
fraud-doer, occurring substantially contemporaneously with the
transaction in question, is admissible.

**APPEAL AND ERROR:  Reservation of Grounds—Nonenlargement on
4  Appeal.**  A litigant who, in the trial court, bases a motion for a
directed verdict on certain specified grounds may not enlarge such
grounds on appeal.

**BILLS AND NOTES:  Holdership in Due Course—Evidence.**  Evidence
5  reviewed, and held to present a jury question on the issue of hold-
ership in due course.

**APPEAL AND ERROR:  Decision—Law of Case.**  A holding on appeal
6  that a party who had renewed a fraud-induced promissory note
with full knowledge of the fraud might, when sued on the renewal,
plead the fraud in the original note, irrevocably fixes the rights of
the parties, even though, in subsequent rulings in other cases, said
holding is overruled.

**BILLS AND NOTES:  Holdership in Due Course.**  The transferee of a
7  negotiable promissory note may not assert holdership in due course
if, before making payment for the note, he has knowledge of the
fraud or of conditions which would nullify the note.

*Appeal from Woodbury District Court.*—MILES W. NEWBY,
Judge.

DECEMBER 11, 1924.

ACTION on a promissory note, given in renewal of a note
claimed by defendant to have been procured by fraud and nego-
tiated in bad faith.  The plaintiff claimed to have been a holder

of the original note in due course, and that defendant had waived and was estopped to rely upon the defense of fraud. From a judgment upon a verdict for defendant, plaintiff appeals.—*Affirmed.*

*John H. Jackson* and *Henderson, Fribourg & Hatfield,* for appellant.

*Griffin, Griffin & Griffin* and *H. B. Walling,* for appellee.

VERMILION, J.—This is the second appeal in this case. The first was by the defendant from a judgment against him for the amount due on the note. The case was reversed. 194 Iowa 1090. Upon the second trial, the case was submitted to the jury under instructions which are not objected to. The verdict was for the defendant.

The action was upon a note which was executed by appellee to the appellant bank, and which was a second renewal of a note given by appellee to the Midland Packing Company for stock of the company, sold to appellee by one Chance, an agent of the company. The pleaded defense on the second trial was that the original note was procured by fraud, in that Chance represented that the note was only to be put up as collateral, and agreed that the stock would be resold within four months; and that the note was executed and delivered upon a condition precedent that it should not become effective unless such resale agreement should be fulfilled. The appellant denied the fraud, and pleaded that it was a holder of the original note in due course; that appellee, by twice renewing the note, was estopped to claim fraud in its inception; that, at the time it purchased the original note, it gave its certificate of deposit for the amount, which it paid at maturity to the Midland Packing Company without knowledge of any fraud practiced upon the maker in the procurement of the original note; and that thereby appellee was estopped from setting up fraud in the inception of the note.

I. Appellant complains of the action of the lower court in admitting parol evidence of the contents of a letter claimed to have been written by the president of the appellant bank,

1. EVIDENCE: best and secondary: contents of letter.

and shown to appellee by Chance on the occasion when the original note was given. It was held on the former appeal that proper foundation was laid on the first trial for the admission of the letter. Appellee made unavailing efforts after that trial to find Chance, and to procure the letter. There was no error in admitting parol evidence of its contents.

II. Complaint is made that a letter written by an officer of the packing company to a brother of appellee's was read

2. APPEAL AND ERROR: curing error: withdrawal of exhibit.

to the jury. At the time the letter was offered, the court overruled the objection to it, but later sustained it. There is some dispute as to whether the letter was read to the jury. Be that as it may, there was no prejudicial error; the letter was excluded, and the jury must have so understood.

III. The court permitted witnesses to testify to representations made by Chance to them in the effort to induce them to buy stock in the packing company at about the time the

3. FRAUD: evidence: similar transactions.

stock was sold to appellee. The testimony was admissible. *Newton v. Young*, 197 Iowa 1143; *Henderson v. Ball*, 193 Iowa 812, and cases cited.

IV. A witness for appellee testified, on cross-examination, that he had been defeated in a suit brought by appellant against him on a note given to the packing company, and on redirect examination was permitted to say that the court had directed a verdict for the plaintiff in that case. The original inquiry was only competent for its bearing on the interest of the witness, and it was immaterial how the result in that case was brought about; but we see no possible prejudice to appellant in the fact shown that the witness did not get to the jury with his defense.

V. Appellant, at the close of all the evidence, moved for a directed verdict, and assigns error upon the overruling of the motion. It is urged in argument that the motion should

4. APPEAL AND ERROR: reservation of grounds: nonenlargement on appeal.

have been sustained because appellee neither alleged nor proved that he had rescinded the contract for the purchase of the stock. The question was not raised by the motion to direct a

verdict or otherwise in the court below, and cannot be raised for the first time here. There is, however, no merit in the contention. It was the claim of appellee that the note was not to become effective unless the stock was resold, and that no resale of the stock was made. In such case there was nothing to rescind. Nothing was ever received by appellee, and he had nothing to return. *Exchange State Bank v. Buckley,* 198 Iowa 437.

VI. It is also urged that the motion for a directed verdict should have been sustained: (1) because appellant had established that it was a holder in due course of the original note; (2) because the renewal note was given with knowledge on the part of appellee of the alleged fraud in the original note; (3) because appellee failed to inform appellant of such fraud before appellant paid to the packing company the certificate of deposit issued for the note, and is thereby estopped; (4) because there was a failure to establish the fraud pleaded.

5. BILLS AND NOTES: holdership in due course: evidence.

Appellee testified that, when he bought the stock and executed the original note, on March 2, 1919, Chance showed him a letter signed by Mr. Heidelberg, the president of the appellant bank, stating that Chance was honest, and would do as he agreed, and that it was a good investment; that his agreement with Chance was that the note was to be left in the Anthon State Bank until the stock was sold, and that Chance would come and resell it within four months, and if he did not, the note was to be given back to appellee; that Chance gave him a written agreement to that effect, as follows:

"March 21-19

"I agree to sell for J. M. Bernard 100 shares of Midland Packing Co. stock for $125.00 per share net to above, same to be sold within 4 mo. from date. If not sold as above all notes to be returned to above.

"W. M. Chance, Financial Agt.,
"Midland Packing Co."

The original note was, on the same day, negotiated by Chance to the appellant. Appellant's certificate of deposit due in six months was issued to the packing company for the note.

Henry Bernard, a brother of appellee's, testified that, before appellee bought the stock, but on the same day, he and Chance were at the bank, and that he said to Heidelberg, "What are these fellows trying to do with this resale stuff, anyway?" and Heidelberg said he didn't know,—they were selling it; that he told Heidelberg the proposition they were putting up to him,—that they were guaranteeing the resale, and what receipt they had given him,—and asked him what he thought about the receipt; that Heidelberg said, "It is a pretty strong corporation,—they ought to be able to go through with it;" that he said to Heidelberg, "If I give this man my note for $10,000, and you take this note, when it is due it is supposed to be resold here in four months, and if I present this receipt to you, will I collect my note?" and that Heidelberg did not answer.

Appellee testified further that the profits of the resale of the stock were to be divided; that Chance said he was to divide the profits with the Anthon State Bank; that, about a week after he signed the note, he showed Heidelberg a copy of the contract Chance gave him, and Heidelberg said, "That is the copy all right,—that is the agreement all right;" that he told Heidelberg the way the profit was to be divided, and the latter said, "That is right,—9 per cent goes to me, and that makes 15 per cent,—that is good;" and that he advised appellee to go and see the officers of the packing company, if he did not believe it.

If the president of the appellant bank, at the time he took the note from Chance, had knowledge that it had been executed and delivered upon an agreement to return it if the stock was not sold within four months; that the packing company's title was defective, and it was being negotiated in breach of faith,—it is plain that the bank was not a holder in due course. Sections 3060-a55 and 3060-a52, Code Supplement, 1913 (Sections 9515 and 9512, Code of 1924); *Home State Bank v. Martin*, 196 Iowa 1092; *Todd v. State Bank*, 182 Iowa 276; *Louisa County Nat. Bank v. Burr*, 198 Iowa 4.

Furthermore, it is an admitted fact that the bank's certificate of deposit given for the note was not paid until the September following, before which time, according to the testimony of appellee, he had shown a copy of the contract of re-

sale to the president of the bank. It is not shown that the cer-
tificate was negotiable. It was nothing more than the obliga-
tion of the bank to pay, and its mere issuance and delivery to
the packing company was not such a payment of value as to
constitute the bank a holder in due course: that could only
occur when the certificate was paid. It was so held on the
former appeal. Section 3060-a54, Code Supplement, 1913 (Sec-
tion 9514, Code of 1924).

We have not set out all the testimony, but sufficient to show
that it was clearly not improper to submit to the jury the ques-
tion whether appellant was a holder in due course.

It was also held on the former appeal that the giving of
the renewal notes was not, as a matter of law, a waiver by
appellee of his defense of fraud in the inception of the original
note. The doctrine there announced has not
been followed in our later decisions, where the
renewal was with knowledge on the part of the
maker of the fraud practiced upon him, and has been expressly
overruled. *Farmers and Merchants Sav. Bank v. Jones*, 196
Iowa 1071; *Grimes Sav. Bank v. McHarg*, 197 Iowa 1393; *Sul-
livan v. Gaul*, 198 Iowa 630. Nevertheless, the rule announced
by this court on the former appeal became the law of the case,
and binding on the trial court and this court. *Pfarr v. Stand-
ard Oil Co.*, 176 Iowa 577; *Kenyon v. Illinois Cent. R. Co.*, 187
Iowa 277; *Bolton v. Hey*, 168 Pa. 418 (31 Atl. 1097); *Heller v.
Dailey*, 34 Ind. App. 424 (70 N. E. 821); *Cain v. Union Cent.
L. Ins. Co.*, 123 Ky. 59 (93 S. W. 622).

In the case of *Barton v. Thompson*, 56 Iowa 571, we said:

"Upon the trial of this case the court instructed, in har-
mony with the rule adopted upon the former appeal, * * *. It
is the established doctrine of the courts that a decision once
made in a case constitutes the law of the particular case, and
will not, upon a subsequent appeal in the same case, be over-
ruled or examined, however well satisfied this court may be
that it is erroneous. *Adams County v. B. & M. R. Co.*, 55 Iowa
94, and authorities cited. As the court below followed the rule
originally adopted in this case, we would not feel justified,
under the authorities above referred to, in adopting a different

6. APPEAL AND
ERROR: decision:
law of case.

rule upon this appeal, which would lead to a reversal of the case.''

The statement has peculiar applicability to the situation here presented.

The claim of estoppel arising from appellant's payment of the certificate of deposit was also one to be submitted to the jury. If the bank paid the certificate with knowledge of the

7. BILLS AND
NOTES: holder-
ship in due
course.

fraud, or that the note for which it was paying was not to be effective unless the stock was sold, and that no resale had been made, no estoppel could be claimed. Where the facts are known to both parties, there can be no estoppel. *Wingert v. City of Tipton,* 134 Iowa 97; *Logan v. Davis,* 147 Iowa 441. As we have seen, there was testimony, not only that the bank had knowledge of the resale contract before the certificate was paid, but that it was to participate in the profits of the resale. There was other testimony as to the bank's relation to the whole scheme, from which it might have been found that it had knowledge that the stock had not been resold. The question of the bank's knowledge was one of fact, to be determined upon conflicting evidence and inferences that might properly be drawn from established facts.

It follows from what has been said that the verdict cannot be disturbed because contrary to an instruction on the question of estoppel, to the effect that appellee would be estopped from setting up the fraud claimed if the bank paid the certificate without knowledge or information of the fraud in the making of the original note. There was evidence to take to the jury the question of fraud in the inception of the original note.

We find no reversible error, and the judgment is—*Affirmed.*

ARTHUR, C. J., and EVANS and STEVENS, JJ., concur.