WILLIE LOUISE PARKER ET AL. v. J. R. BOWERS ET AL.

Decided November 23, 1904.

**1.—Guardian's Sale—Fraud.**

Where, in pursuance of an understanding between a guardian and his attorney, real estate of the minors was procured to be sold at private sale to the attorney for a consideration nominally part cash, but in reality of personal property (a wagon and team) expected to be used by the guardian personally and not for the benefit of the wards except incidentally by enabling him to earn a support for them, the transaction, although done in good faith, was fraudulent in law.

**2.—Same—Bill of Review.**

Article 2582 of the Revised Statutes of 1879, prohibiting a guardian from becoming a purchaser directly or indirectly of any property of the estate sold by him, applies where the guardian takes a benefit under the sale though the purchase is made by another.

**3.—Setting Aside Sale—Equities.**

On setting aside the sale by guardian of the land of his wards, the purchaser is entitled to credit for the enhanced value of the land by improvements

placed on it by him prior to the filing of suit, and for taxes against the land paid by him, and should be charged with the rental value while he held it; he should also have credit for so much of the purchase price as was applied to the support and education of the minors, to court costs and other legal charges against the estate, but not for sums paid to him as attorney's fees in procuring the sale, nor for personal property delivered to the guardian and intended for his personal use as part of the consideration, nor for money paid out in discharging the personal debts of the guardian.

Error from the District Court of Lee. Tried below before Hon. Ed. R. Sinks.

*Rector & Watson,* for appellant.—Bowers, who was and had been the attorney for Clarence Tisdel, guardian of the estate of minors of tender years, was by reason of such relation disqualified by law, equity, good conscience and public policy from becoming the purchaser of the 99¾ acres, in controversy, at a private sale, which he, as such attorney, had procured to be made by the County Court, and for which and other services rendered to said estate of said wards he, as their attorney, was paid out of the proceeds of said sale. Walker v. Walker, 101 Mass., 169; West v. Waddill, 33 Ark., 587; Hindman v. O'Connor, 54 Ark., 627; Gibson v. Herriott, 55 Ark., 85; Odell v. Rogers, 44 Wis., 136; 3 Am. and Eng. Enc. of Law, secs. 335, 337, 340, 341; 11 Am. and Eng. Enc. of Law, secs. 1022, 1023, 1129, 1155 and 1151; 15 Am. and Eng. Enc. of Law, sec. 66; In re Taylor Orphan Asylum, 36 Wis., 534.

On proposition that guardian can not spend any part of wards' estate for maintenance and support of ward above the net income, without order of the court. Rev. Stat., art. 2630; Jones v. Parker, 67 Texas, 76.

The sale of the 99¾ acres, made by the guardian, in pursuance of an order of the county court, for $500 in cash and $300 on a credit, is not sustained by proof that the guardian's attorney, who became the purchaser, traded with the guardian and turned over to him $300 worth of personal property for the guardian's own personal use, before the court met that ordered the sale, in part payment of the cash money required by the court to be made for said property.

*I. H. Bowers,* for appellee.—Where the attorney for the guardian becomes a purchaser at the guardian's sale, the same principles of law should not apply to such purchases as apply to sales by an attorney for his client, because it is the sworn duty of the judge upon the bench to guard the interest of the minors. Rev. Stat., art. 2663; Mackay v. Martin, 26 Texas, 61; Giddings v. Steele, 28 Texas, 758; McLaury v. Miller, 64 Texas, 384; Cooper v. Lee, 75 Texas, 120.

The payment of the purchase money of the land in money and in its equivalent in property which is accepted by the guardian and reported to the court as money and approved by the court, makes the guardian and his bondsmen responsible to his wards and does not make the sale void. Clayton v. McKinnon, 54 Texas, 211; Dancy v. Stricklinge, 15 Texas, 557; Perry v. Blakey, 5 Texas Civ. App., 334; Sypert v. Mc-Cowen, 28 Texas, 635; Taffinder v. Merrill, 65 S. W. Rep., 177; Stroud v. Hawkins, 67 S. W. Rep., 534; Bingham v. Barley, 55 Texas, 285; Harrison v. Ilgner, 74 Texas, 87; Herndon v. Rice, 21 Texas, 458;

Pearson v. Cox, 71 Texas, 250; Galveston, H. & S. A. Ry. Co. v. Blakeney, 73 Texas, 181.

The orders approving the board bill for $168 and to redeem the land from tax sale, $25, and the court costs, $18, are such judgments as can not be revised by bill of review. The remedy was by appeal only. Rev. Stat., arts. 2653 and 2654; Kendrick v. Wheeler, 85 Texas, 247; Reems v. Masterson, 80 Texas, 53; Lyne v. Sanford, 82 Texas, 63; Robertson v. Johnson, 57 Texas, 63; Heath v. Layne, 62 Texas, 689; Greer v. Ford, 31 Texas Civ. App., 389; Green v. Morrison, 31 Texas Civ. App., 389; Rev. Stat., arts. 2717, 2718; DeCordova v. Rogers, 75 S. W. Rep., 16; Eastland v. Williams, 92 Texas, 113.

If from the testimony the court holds that the sale is voidable, and the defendant pleads in the alternative the payment of the purchase money, valuable improvements and the payment of taxes in good faith, the court will either declare a lien on the land for the same, or require its payment, or refuse to set the sale aside on the ground "that he who seeks equity must do equity." Rev. Stat., arts. 2653, 2654; Kendrick v. Wheeler, 85 Texas, 247; Reems v. Masterson, 80 Texas, 53; Lyne v. Sanford, 82 Texas, 63; Robertson v. Johnson, 57 Texas, 63; Heath v. Layne, 62 Texas, 689; Greer v. Ford, 31 Texas Civ. App., 389.

When the guardian made the report of the sale and the court approved and confirmed the sale, and the guardian received the purchase money the title to the property passed to the purchaser, and the guardian and his surties became liable to the wards therefor. Perry v. Blakey, 5 Texas Civ. App., 334; Sypert v. McCowen, 28 Texas, 639; Taffinder v. Merrill, 65 S. W. Rep., 177; Stroud v. Hawkins, 67 S. W. Rep., 534.

Fraud will not be presumed; it must be proved, like any other fact; and the burden of proof rests on the party who alleges fraud. Stroud v. Hawkins, 67 S. W. Rep., 534; Perry v. Blakey, 5 Texas Civ. App., 334; Galveston, H. & S. A. Ry. Co. v. Blakeney, 73 Texas, 180; Stephenson v. Marsalis, 11 Texas Civ. App., 169; Howard v. North, 5 Texas, 316; Kendrick v. Wheeler, 85 Texas, 247; Harrison v. Ilgner, 74 Texas, 86.

FISHER, CHIEF JUSTICE.—This is a suit by the plaintiff in error, in the nature of a bill of review, against Clarence Tisdale, as guardian, and I. H. Bowers, as purchaser, to set aside a sale by the guardian to Bowers, under and by virtue of proceedings in the County Court of Lee County in the guardianship of the estate of the plaintiffs, who were then minors. It is averred that Clarence Tisdale was the guardian of the estate of the plaintiffs in error, under appointment by the County Court of Lee County since 1887; that Bowers was the attorney for the guardian and of the minors in the matters pertaining to said estate, and for his services was paid out of funds and moneys belonging to the estate; that by reason of fraud and collusion between Tisdale and Bowers during the pendency of the guardianship, there was an agreement to sell Bowers the 99¾ acres tract of land in controversy, and also another tract of 51 acres, belonging to the minors, at private sale; that in pursuance of this agreement and in fraud of the rights of the minors, Bowers caused Tisdale to make an application for the sale and procured an

order of sale, and made a report thereof, and procured from the County Court a decree confirming the sale. It was alleged that Bowers, being the attorney of the estate and of the guardian, was not authorized under the law to purchase, and that therefore the sale to him was void. Further alleged certain facts which the plaintiffs contend are sufficient to avoid the sale on the ground of irregularity and fraud upon the rights of the minors.

The demurrers of defendant Bowers to plaintiffs' bill of review were sustained in the County Court and the case dismissed.

The plaintiffs appealed to the District Court of Lee County, and also in that court filed an action of trespass to try title for the land in controversy. These two cases were in the District Court consolidated.

Defendant Bowers filed general and special demurrers, and answered, setting up title to the two tracts of land sued for, and denying fraud, and alleged that he purchased the same in good faith. Tisdale adopted the answer of his codefendant.

, On the trial of the case the District Court instructed a verdict in favor of the plaintiffs for the 51⅞ acres tract involved in the suit, from which verdict, and judgment entered thereon, the defendant Bowers has not appealed. The court submitted to the jury the validity of Bowers' purchase of the 99¾ acres tract, and submitted to them the question whether Bowers purchased the same in good faith.; and also submitted to them the question whether there was a necessity for the sale of the 99¾ acres tract for the purpose of the maintenance, education and support of the minors. Both of these issues were found in favor of Bowers. Thereupon the court rendered judgment in his favor for the 99¾ acres tract of land, and from this judgment the plaintiffs in error have appealed.

In disposing of this case we eliminate from our consideration any right of the plaintiffs, if any they had, that may be based upon the action of trespass to try title, and predicate solely our disposition upon the case as made by the plaintiffs' bill of review.

We find the following facts: The plaintiff in error, Mrs. Willie L. Parker, who was formerly Willie L. Maxwell, was born January 30, 1884, and she is joined in this suit by her husband, Lee Parker, who sues as next friend for the other plaintiff, Occie W. Maxwell, who was born March 10, 1885. Mrs. Parker and Lee Parker married August 11, 1901; then (the minors) were the children of Maxwell, deceased, and his wife, who after his death became Mrs. Tisdale. They inherited the property in controversy as a part of the estate of their deceased father; and the land involved in this suit we find to be the property of the plaintiffs in erorr. In December, 1887, their stepfather, Clarence Tisdale, one of the defendants herein, was appointed by the County Court of Lee County guardian of the estate of the plaintiffs in error. In the same month Tisdale qualified and returned and filed an inventory and appraisement of the estate, which described as a part of the estate the two tracts of land described in the plaintiffs' petition. On August 11, 1891, defendant Tisdale, as guardian of the minors, applied for an order of sale of the 99¾ acres of land in controversy. The County Court upon this application entered a decree directing the

guardian to sell the land at private sale for one-half cash and the balance on a credit of one, two and three years. The application recited that it was necessary to sell a portion of the real estate of the wards for their education and maintenance, and for the payment of debts against said estate, and that all the personal property belonging to said estate had been sold, and that the proceeds of previous sales of land were insufficient.

The order of sale was made on October 5, 1891, and recited that notice had been duly given and that it was more advantageous to the estate to sell the land mentioned in the application, and that the same should be sold for the support and maintenance of the wards. On October 9, 1891, a report of the sale was made by the guardian, reciting that on the 7th day of October, 1891, in obedience to the order of sale, he had sold at private sale the 99¾ acres to I. H. Bowers for $800, for five-eighths cash and the balance on credit of one, two and three years. October 15, 1891, the County Court entered a decree confirming the sale, reciting that said report had been filed and docketed according to law, and it further appearing upon examination that said sale was fairly made and in conformity with the law, and that the same brought a fair price, and it appeared that Bowers became the purchaser at private sale for the sum of $800, paying $500 in cash and the balance in one, two and three years, to be secured as the law directs. A deed was made to Bowers in pursuance of this decree.

It is unnecessary for us to make any statement here concerning the 51 acres tract, as the plaintiffs recovered in the court below judgment therefor. There is evidence in the record which shows that the tract of land in controversy sold for a fair price. It appears from the evidence that Bowers was the attorney for the guardian and of the estate, and that he prepared all applications and reports and procured all orders and decrees had in and about any matter concerning the estate of the minors. That for his services as the attorney of the estate he was paid out of funds belonging to the estate. Tisdale, the guardian, was illiterate and could not read or write, and he depended upon Bowers for advice and assistance as to the proper manner in conducting the affairs of the estate.

It seems from the evidence that Tisdale's family, prior to and at the time that the sale was made to Bowers, consisted of his wife, the mother of the two minor plaintiffs. He was in straitened circumstances, and it seems had no property out of which he could support himself and family. He has never accounted to the plaintiffs, nor have the plaintiffs ever received anything from the proceeds of the sale of this land; nor has he paid the plaintiffs any part of their estate that was inventoried; and it seems from the evidence that all of it that is now left consists of the two tracts of land mentioned in the petition. His ignorance was known to Bowers, and also his pecuniary condition. A short time prior to the application and the order of the sale of the land in controversy, and at a time when Bowers was still his adviser and attorney, and also the attorney for the estate, he informed Bowers of his inability to earn support for his family, and suggested that he would be required to sell the tract of land in controversy. Bowers advised him to sell it, with the statement that the proceeds of the sale would do more towards benefiting

the minors and furnishing them support than the tract of land in its present condition.

Thereupon Bowers agreed to become the purchaser of the land for the sum of $800, $300 of which was to be paid in a team of horses, a wagon and buggy; and the evidence conclusively shows that it was then understood between Bowers and Tisdale that this much of the consideration could be used in part as a means of Tisdale's earning a living for the family; and there is no escape from the conclusion but what it was intended that the personal property so turned over to Tisdale as a part of the consideration was, in the main, intended for his use and benefit. Thereupon the application for sale was made, and within the time as above stated, the order of sale was procured and report of sale made and sale confirmed, by which Bowers became the purchaser under the deed executed by Tisdale. The remaining consideration to the extent of $300 was paid by the execution by Bowers of three notes. The balance, $200, was paid in part to Tisdale, so Bowers states, and which Tisdale denies, and part in discharging items of costs and sums against the estate, and in part for the fees due Bowers for making application and procuring the order of sale and in and about matters pertaining to the sale of the tract of land in controversy. Bowers, at the request of Tisdale, after the sale was consummated and when some of the notes became due, in the discharge of the same, paid off some personal debts due by Tisdale.

There is much evidence in the record relating to the merits of the trade and the sale of this land from Tisdale to Bowers. It is unnecessary to repeat it, but it leads to the conclusion that one of the main purposes in selling the tract of land, which was known to Bowers, and which he participated in, was to personally benefit Tisdale, the guardian; and that it was intended that the minors, as to much of the consideration paid, would only reap a benefit incidentally from Tisdale's use of the proceeds in earning a living for the entire family. It does not appear that when the County Court passed upon the report of sale, and approved the same and confirmed the sale, that it was made aware of the true merits of the trade between Tisdale and Bowers, and that $300 of the consideration that was paid to Tisdale consisted in personal property, which the evidence shows was intended to be used and appropriated by Tisdale for his own benefit. In fact Tisdale, and it is not denied, states that he did not appear before the County Court in any of these matters, but that he trusted Bowers. Therefore, we find as a fact that while neither Tisdale nor Bowers may have actually intended any fraud upon the estate of the minors, the facts, when construed in the light of the law, constitute a legal fraud, and that the trial court erred, in view of the undisputed evidence upon this question, in not peremptorily instructing a verdict in favor of the plaintiffs.

*Conclusions of Law.*—The statute provides that any person may, by bill of review filed in the County Court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised and corrected, on showing error therein.

Article 2582 of the Revised Statutes of 1879, which was in force when this sale was made, and which is substantially the same as the law now in existence, provided: "That it shall not be lawful for the guardian to take the estate of his ward or any part thereof at its appraised value, or to become the purchaser, either directly or indirectly, of any property of the estate sold by him; and if any guardian shall, either directly or indirectly, become the purchaser of any property of his ward at a sale made by such guardian, upon the complaint in writing of any person, and after service of citation upon such guardian, and upon proof of such complaint, said sale shall be declared void by the court, and shall be set aside, and an order to that effect entered upon the minutes."

It might be insisted that this statute only affects and authorizes the remedy there prescribed when the guardian in fact becomes the purchaser, and that it can not be invoked to set aside a sale made to some one else. A similar question was raised in Hampton v. Hampton, 9 Texas Civ. App., 500, and it was there in effect held that where it is intended that the guardian should profit by the sale, although the sale was made to another, that the remedy allowed by the statute could be invoked, and that such transaction fell within its spirit and meaning. It is true that the guardian, Tisdale, did not become the purchaser, but he profited by the sale, and at the time that it was made and before, it was intended that he should reap the benefit, in part, of the proceeds that arose from the sale. If this was the purpose, and was participated in by the purchaser, Bowers, which is found to be the case, it would be an indirect evasion of the law to support the sale under such conditions.

Bowers, as a lawyer, must have known that Tisdale, the guardian, would not be authorized to sell the land of his ward, however great may have been his needs and necessities, for the object and purpose of appropriating the proceeds, or any part thereof, to his own use and benefit; and when Bowers participated and became an active party to such a transaction, the vice of it would affect him as much so as it would Tisdale. Tisdale could not have taken the land of the ward at its appraised value, nor would he be permitted to make a sale solely for his personal benefit, intending to appropriate the proceeds thereof. The law will unhesitatingly, in view of this statute, denounce such a sale, although in attempting to disguise its illegality make it appear legal by taking the title in the name of some one else, and the one who acts with the guardian in aiding him to accomplish this purpose would be equally as guilty; and we are of the opinion that the spirit of the statute would affect his pretended title, as much so as if it was established that the guardian was the actual purchaser. And if it was necessary for us to do so, we would apply this statute, and be inclined to hold the sale void; but it is not necessary that we should go to this extent, for the bill of review is a direct attack upon the sale; and if circumstances exist which show it to be voidable, we would set it aside, independent of the remedy allowed by the statute quoted.

Bowers, when he made the purchase, was not only the attorney for Tisdale, but also for the estate of the minors. He occupied a fiduciary relationship to both (West v. Waddell, 33 Ark., 587; O'Dell v. Rodgers, 44 Wis., 136; Hindman v. O'Connor, 16 S. W. Rep., 1052); and in

order to profit by a transaction that resulted in a sale to him, he should show not only the utmost good faith, but the burden was upon him to establish the fact that the purposes intended by the law to be accomplished by a sale of the minor's estate actually existed and that his clients were aware of the full nature of the transaction, and that no undue advantage was taken.

The application for sale and the order of sale recite that the land was sold for the purpose of raising funds for the education and support of the minors; and the County Court evidently acted upon the theory that this statement was true. Bowers knew and Tisdale knew, at the time the sale was made and orders relating thereto were procured, that the entire proceeds that arose from the sale would not be devoted to the purpose for which the court granted it; that a part of the proceeds, at least, that were represented by the personal property that was turned over to Tisdale as a part of the consideration was intended to be used and appropriated by Tisdale, and that the statement made in the report that $500 in cash had been paid was not true.

There is no evidence in the record informing us of the fact that the County Court was made aware of all of the merits of the trade between Tisdale and Bowers; but it is just to assume that, with a desire to act within the limits of the law, and to protect the interests of the minors, he would not have approved the sale where it affirmatively appeared that the sale was in part made for the benefit of the guardian, and that the cash consideration was not paid, as reported. While we might admit that the evidence bears construction that neither Bowers nor Tisdale intended an actual fraud, still the legal fraud and vice in the transaction pointed out affects and permeates it as a whole; and a court of equity in passing upon the merits of the bill of review, looking to the best interests of the wards, should not countenance such a transaction, and should unhesitatingly set aside the sale.

We do not mean to say that even if the County Court had approved the sale with full knowledge of its terms that it would have been valid, and if such had been the case, a decree entered would have been voidable at the instance of the minors.

These conclusions lead to the result that we must instruct the trial court to render judgment in plaintiffs' favor, setting aside the order and decree of confirmation of sale, and impress Bowers' pretended title with the superior equities of the plaintiffs. Fisher v. Wood, 65 Texas, 204. And in accomplishing this purpose, we instruct the trial court to set aside and cancel the deed under which he holds the land.

Having disposed of the case in this manner, it becomes important to dispose of other questions that properly arise in the case, and which will be disposed of by the trial court in accordance with the views hereinafter to be expressed. The differences between the parties as to the relief that each should be entitled to must be settled upon equitable principles. The record is not in such condition as to definitely enable this court to determine in all particulars the extent of the relief that each party may be entitled to. Therefore, we reverse and remand this branch of the case, with instructions to the trial court to render judgment in favor of the plaintiffs for the land in controversy; and then

ascertain the present value of the tract of land when such judgment is rendered, and the extent to which the improvements placed thereon by defendant prior to the filing of this suit increased the value of the land, and allow the defendant judgment for such increased value by reason of such improvements, if any; and also for the taxes, if any, paid by him, which were legally assessed against the land, and charge him with the reasonable rental value of the land, since the time he has asserted title thereto, to the time that the final judgment may be entered in the court below. The defendant shall only be entitled to recover so much of the purchase price he paid for the land as follows: That portion of it that was applied to the support and education of the minors, if any, which should be ascertained by the court; also the court costs and other legal charges against the minors' estate which were paid out of the consideration advanced by the defendant. But the defendant is not to be allowed any sum as attorney's fees in and about procuring the sale of the land; nor is he to be allowed any sum for the personal property which he delivered to the guardian as a part of the consideration paid for the land, or as to any other sums which he paid out in discharging the personal debts and liabilities of the guardian. These sums are disallowed for the reason, as before stated, that the defendant knew that the sale was in part for the benefit of the guardian, and that such sums were for his benefit, and not for that of the minors.

The question of interest upon the various sums above stated, if any, is to be determined by the trial court. If, after striking a balance, the difference is found to be in favor of the plaintiffs, they shall have their judgment therefor against the defendant with execution. If in favor of the defendant, he should have a judgment against the plaintiffs, with a charge therefor against the land, which, if not satisfied and discharged by the plaintiffs within a reasonable time, to be fixed by the court, the land may be sold under such terms as the court may prescribe, and the proceeds thereof to be applied as follows: 1. Charging the proceeds with such part of the balance in defendant's favor as is made up of items discharging the taxes assessed and paid upon the land by defendant, and such portion of the purchase price he paid for the land that was applied to the discharge of valid claims against the minors' estate, of a nature as above indicated. The proceeds of the sale so remaining are to be paid to the plaintiffs, and if any sum then remains over and above the value of the land, as determined and fixed by the judgment of the court, it shall be paid to the defendant, not to exceed such proportion of the balance in his favor as may be based upon the improvements placed by him upon the land, and if thereafter any sum remains, it is to be· paid to plaintiffs—the purpose being that the defendant shall not be allowed pay for improvements until the plaintiffs have received the full value of the land as fixed by the judgment of the court,· less the other items as above mentioned that may be properly charged against it. And in reaching a conclusion in accordance with the views expressed in this opinion, we would suggest to the trial court to find separately each item, and the sum thereof, that the defendant may be entitled to. If in order to accomplish equity and that the land may bring its full value and the minors be reimbursed, the court may, instead of pursuing

the course of ordering a sale, if it sees proper to do so, if there should be a balance in favor of the defendant, permit him to become the purchaser of the land for the full value thereof, as fixed by the court, less the legal charges against it, other than the improvements. If this should be the course pursued by the court, the defendant shall not be entitled to pay for improvements.

Reversed and rendered with instructions.

*Reversed and rendered.*

Writ of error refused.