## BISHOP v. GREEK.　(No. 753.)

(Court of Civil Appeals of Texas. El Paso. Nov. 21, 1917. Rehearing Denied Dec. 13, 1917.)

1. GUARDIAN AND WARD ⬅⟿105(1)—SALES OF PROPERTY—SETTING ASIDE.

　Where order for sale of ward's property required one-third cash, and balance in vendor's lien notes, and the guardian accepted groceries instead of the consideration required by the order, the purchaser being chargeable with the reasons and condition of the sale by the guardian, the ward could have the sale set aside, and his right to recourse on the guardian's bond did not interfere with such right.

2. GUARDIAN AND WARD ⬅⟿105(1)—SALES OF PROPERTY—SETTING ASIDE.

　In such case, the fact that the guardian represented to the purchaser that he had other property which he would give the ward in place of the consideration for the lots ordered sold, did not relieve the transaction of vice.

3. GUARDIAN AND WARD ⬅⟿105(1)—LIABILITY FOR NECESSARIES.

　Where the father was also guardian of his son, and liable for necessaries furnished the ward, and the court ordered sale of lots belonging to the ward upon certain consideration which the guardian did not require, but accepted groceries instead, fact that the ward used some of the groceries did not make him liable to refund their value before suing to set aside the sale.

4. GUARDIAN AND WARD ⬅⟿105(1)—LIABILITY FOR NECESSARIES.

　Purchaser at guardian's sale could not defeat action to set aside the sale on the ground that the guardian was not authorized to purchase the lots in the first place, and they therefore became his property, when in fact the deed thereto was taken in the name of the ward.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suits by E. W. Bishop against John C. Greek, guardian of W. W. Greek, Jr., and by W. W. Greek, Jr., against E. W. Bishop. The causes were consolidated, and judgment rendered in favor of W. W. Greek, Jr., and against E. W. Bishop, and Bishop appeals. Affirmed.

R. M. Reed, of El Paso, for appellant. Peyton F. Edwards, of El Paso, for appellee.

HARPER, C. J. As applicable to the questions raised by the briefs, the agreed statement of facts shows:

March 16, 1910, John C. Greek was appointed temporary guardian of his minor son, W. W. Greek. The estate consisted of $668.27 cash, which had been recovered from the El Paso Electric Railway Company. At the next term of the probate court this appointment was made permanent. At the January term, 1912, upon application, the guardian was granted authority to invest $600 of the fund in the purchase of lot 22 in block 92, Bassett addition to El Paso, and pay cash. This lot was not purchased, but on July 1, 1913, the guardian purchased two lots, Nos. 31 and 32, Government Hill addition, for a consideration of $500 cash, and deed made to said Greek as guardian. That upon application, on May 11, 1914, the probate court authorized the sale of the latter lots, to secure money for the education and maintenance of the ward, at private sale, one-third cash, and the balance to be evidenced by vendor's lien notes. On May 12th report of sale was made to the court; that sale had been made for $700, $250 cash, and $450 evidenced by vendor's lien notes to E. W. Bishop. The court entered its order confirming this sale, and ordered conveyance executed, which was done.

E. W. Bishop testified upon the trial of the case as follows:

"I am the plaintiff in cause No. 12681, and am respondent in cause No. 14267, and am grantee mentioned in the deed in evidence from John C. Greek, guardian, to E. W. Bishop. About May 1, A. D. 1914, I was in the grocery business in the city of El Paso, Texas, and John C. Greek sent for me to come to his house, and he there told me that he had to have some groceries for his family, and wanted to make arrangements with me to buy some. He told me that he wanted to sell me these lots [31 and 32] and take it out in groceries, and said that he had other property consisting of a house and lot in El Paso, which was worth about $3,500, which he was going to give to his ward, W. W. Greek,

Jr. (W. W. Greek, Jr., excepted, as shown by bill of exceptions.) I asked the advice of my attorney if I could buy this property that way, and he advised me that I could, if Mr. Greek agreed to reimburse the ward and see that his estate was not injured thereby. So under these conditions the deal was made. At the time the deed was made to me, John C. Greek owed me about $80 for groceries he had already purchased, and that was considered a portion of the $250 cash I was to pay him. All the balance of the consideration of $700 was paid by me in groceries, except the following items: I paid a telephone bill for Mr. Greek in the sum of $2.55, and I paid a milk bill in the sum of $4.83, and I paid him cash in the sum of $25.03. In addition to this, I paid him cash, as interest on said vendor's lien note, in the sum of $24.34. These payments and transactions were all made during the year 1914, while the said W. W. Greek, Jr., was a minor. During this time John C. Greek's family consisted of himself, one daughter, and two sons, one of which was the said W. W. Greek, Jr."

August 18, 1915, Bishop filed suit in district court of El Paso county, cause No. 12681, against the guardian, and by his petition alleged that the notes had been paid and prayed for title, cancellation of lien, and removal of cloud. Defendant answered by general denial and plea of not guilty. On July 3, 1916, W. W. Greek, the ward, brought cause No. 14267 in the county court to set aside the deed in question; alleged that he was no longer a minor under the allegation that the guardian and Bishop had agreed that the money was to be paid in groceries in place of money, as had been reported to the court; that the motion to set the deed aside was overruled by the county court, and W. W. Greek, Jr., appealed to the district court. There the two causes of action were consolidated. The consolidated causes were tried by the court without a jury, and judgment was rendered that orders of probate court authorizing the sale and those confirming the sale be set aside and held for naught, and that W. W. Greek recover the title and possession of the lots of E. W. Bishop, from which, by appeal, it comes to this court for review.

### Opinion.

The first assignment attacks the judgment of the trial court upon the ground that the guardian having made the sale to Bishop, and the court having approved same, the ward was thereby divested of his title, and he must look to the guardian and his bondsmen for damages. This is a proceeding to set aside the sale and the order approving it, and the case comes here from a judgment of the district court setting aside the sale for the reasons given in the pleadings, so the record here presents a case of sale and confirmation by the probate court, set aside by the district court.

[1] The second assignment is that the court erred in setting aside sale and canceling the deed to Bishop for the reason that the order of sale, the sale, and its confirmation are regular; that Bishop purchased in good faith, without fraud, for a valuable consideration paid by him to the guardian. Bishop is chargeable with the reasons and conditions of this sale by the guardian. The court's order recites that the sale shall be made for one-third cash, and the balance in vendor's lien notes. The undisputed evidence is that there was no cash paid, but that the first payment of $250 and the $450 deferred payment evidenced by vendor's lien notes were not in fact paid by Bishop, but to the contrary by an agreement between the guardian and himself at the time, the whole of the amounts of money, except approximately $50, was paid in groceries to the guardian, who was the father of his ward, and liable as such for his necessaries. The minor received nothing, and the admissions of appellant show conclusively that he was fully aware of the facts. Under this state of facts, the court did not err in setting aside the sale, nor does the fact that the ward might have had recourse upon his guardian's bond interfere with this right. Hampton v. Hampton, 9 Tex. Civ. App. 497, 29 S. W. 423; Parker et al. v. Bowers, 37 Tex. Civ. App. 252, 84 S. W. 380.

[2, 3] Nor does the fact that the guardian represented to Bishop that he had other property valued at $3,500 which he would give to the ward in place of the consideration for the lots in question relieve the transaction of vice, but is in fact a circumstance convincing in its nature to show that Bishop knew that the ward was not to get the consideration provided in the order of sale and deed to him. Nor does the fact that the appellee ward was a member of the family and consumed some of the groceries make him liable to refund their value before recovering the land, because Bishop knew that he was dealing with the father, who in law is liable for necessaries to his minor children, and there is no evidence in this record that any of the money received was expended for the benefit of the ward, as contended for by third assignment and propositions thereunder.

[4] The proposition that the guardian was not authorized by the court to purchase the lots in question for the estate of his ward, but was authorized only to purchase lots in Bassett addition, and that thereby they became the individual property of the guardian and subject to sale by him, is answered by the facts that the deed was taken for his ward and purchase approved by the court, and by this suit to set aside the sale, the ward has ratified the purchase, and since we find no error in the decree of the trial court in setting aside the sale to appellant, the title has been and was properly decreed to now be in appellee.

Finding no error, the judgment is affirmed.

WALTHALL, J., not sitting; being absent on the committee of judges assisting the Supreme Court.