## RODDEN v. SMITH et al.

### No. 4969.

Court of Civil Appeals of Texas. Texarkana.

May 16, 1936.

Rehearing Denied June 4, 1936.

.Bramlette & Levy and James L. Lattimore, all of Longview, for appellant.

Massingill & Belew, of Ft. Worth, Jerome P. Kearby, of Bowie, Wynne & Wynne, of Longview, Mayfield & Grisham, of Tyler, Stinchcomb, Kenley & Sharp, of Longview, and Margaret Clark, of Dallas, for appellees.

SELLERS, Justice.

This suit in the nature of a bill of review was filed by J. H. Rodden and Ray Wilson as next friend of Dollie Rodden, a non compos mentis, in the county court of Gregg county against R. R. Collins, D. C. Smith, and a number of others seeking to set aside certain probate orders made by the probate court of Gregg county appointing R. R. Collins guardian of the estate of Dollie Rodden, a non compos men-

998

tis, and also orders authorizing and confirming the sale of one-half the mineral interest in 23 acres of land belonging to Dollie Rodden's estate, as well as orders authorizing the lease of such land for oil and gas purposes.

January 14, 1931, R. R. Collins made an application in the statutory form to the county court of Gregg county to be appointed guardian of the estate of Dollie Rodden, a non compos mentis. In pursuance of this application the county clerk of Gregg county issued notice in said cause stating that said application had been filed, and citing all persons interested in the welfare of Dollie Rodden to appear at the next regular term of the county court of Gregg county and contest such application if they saw proper to do so. This notice was duly executed by the sheriff of Gregg, county, and on April 27, 1931, the county judge of Gregg county entered the following order appointing R. R. Collins guardian of the person and estate of Dollie Rodden, a non compos mentis:

"No. 1188
"In re: The Estate of Dollie Rodden,
Non Compos Mentis.
"April 27th, 1931.
"This day came on to be heard the application of R. R. Collins for letters of guardianship of the person and estate of Dollie Rodden, a non compos mentis, and it appearing to the court that the said Dollie Rodden has been duly adjudged by judgment of this court to be of unsound mind, and that it is the duty of this court to forthwith appoint a guardian for her; and after due hearing, the court is of the opinion that it is necessary to appoint a guardian of the said Dollie Rodden, who has no lawful guardian of her estate or person.

"It further appearing that R. R. Collins is in no way disqualified and is entitled to be appointed guardian, and that it will be to the benefit and interest of the estate of Dollie Rodden, that R. R. Collins be appointed. Further, that this court has jurisdiction of the estate of Dollie Rodden.

"It is therefore ordered that the said R. R. Collins be and he is hereby appointed guardian of the person and estate of Dollie Rodden, a non compos mentis, and that letters of guardianship issue to him on his giving bond in the sum of two thousand ($2,000.00) Dollars, payable and conditioned as required by law, and taking the oath as required by law.

"It is further ordered that A. N. Oden, J. M. C. Smith and G. F. Meadows, who are disinterested persons, be, and they are hereby appointed appraisers to make due appraisement of said estate and return such appraisement to the court, in ten days.

"It is further ordered that the Clerk of this Court issue letters of guardianship to the said R. R. Collins, when he has been qualified according to law.

"W. R. Hughes,
"County Judge, Gregg County, Texas.",

Thereafter, the guardian took the oath and gave bond as such guardian. Upon application by the guardian the court authorized the sale of an oil and gas lease on the land of Dollie Rodden, and in connection with this sale the guardian gave another bond. Later, upon application by the guardian, the court authorized a sale of a part of the minerals to defendant D. C. Smith, and the guardian gave another bond in connection with this sale, but none of the sureties on either of the three bonds were made parties to this proceeding to set aside the orders of the probate court.

The case was tried in the county court and judgment was rendered in favor of defendants, denying plaintiff the relief prayed for. On appeal to the district court a like judgment was entered, from which plaintiff has appealed to this court.

■ As we understand appellant's contentions on this appeal, they are all predicated upon assignments which attack the orders of the probate court as being void for reasons not apparent upon the face of the record, and therefore such assignments can only be considered by this court in a direct proceedings for the purpose of vacating such orders. The first question, then, is to determine whether appellant's suit is one meeting all requirements of a direct attack on the orders and judgment of the probate court.

■ Since appellant failed to make the sureties on the guardian's general bond parties to this suit, the law seems to be settled that such suit can only be considered as a collateral attack on the orders and judgment of the probate court sought to be set aside. Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.(2d) 932, 933. This case seems to be on all fours with the facts of the case under consideration in that it was a suit in the nature of a bill of review to set aside certain guardianship proceedings, including the order appointing the guardian, and the proceedings were regular on

their face, but the sureties on the guardian's general bond were not made parties to the suit. The trial courts denied the plaintiffs any relief, and the Commission of Appeals, in affirming the judgment of the trial court, held:

"Under article 4328, supra, 'any person interested may, by a bill of review, filed in the court in which the proceedings were had, have any decision, order or judgment rendered by such court, or by the judge thereof, revised and corrected on showing error therein.' Also the 'bill of review' provided by the above statute 'need not conform to the rules, and is not limited to the restrictions of the equitable practice as applicable to that remedy.' Jones v. Parker, 67 Tex. 76, 3 S.W. 222, 224. In spite of the terms of this statute, and the fact a 'bill of review' thereunder is not limited by the restrictions of equity rules, still for a direct attack to be made thereunder all persons who might be in any way affected by its result must be before the court. Hannon v. Henson (Tex.Com. App.) 15 S.W.(2d) 579. In fact, this rule applies generally where a judgment is attacked. 25 Tex.Jur., page 650 and notes.

"One of the tests in determining whether an attack on a judgment is direct or collateral is whether all the parties to be affected thereby are before the court. If all such parties are not before the court, the attack at best can only be classed as collateral. Hannon v. Henson, supra.

"When we come to examine this record, we find that J. T. and F. L. Howell, the two sureties on the general guardianship bond, were not made parties to this proceeding in any manner. * * * They are therefore necessary parties to this suit if it is to be classed as a direct attack. Since such sureties are not parties, we can only consider this case as a collateral attack on the order appointing the guardian."

■■ Appellant insists that since the suit is one, under article 4328, R.S., denominated a bill of review, for the sole purpose of revising the guardianship proceedings, it cannot be classed as a collateral attack, but must be construed as a direct attack, and if all the necessary parties are not before the court, it is the duty of the court to reverse and remand the cause rather than affirm the judgment of the trial court. Tex.Juris. in vol. 25, § 282, announces this general rule: "Direct attacks made in the court which rendered the judgment are of varied kinds. Recognized procedures having such objective include motions for vacation, for a rehearing, and for a new trial. A suit in equity in the nature of a bill of review, seeking the vacation or setting aside of a judgment, is to be regarded as a direct attack (whether vacation be the sole relief sought or whether it be merely incidental to other relief) if the statutory requirements governing its exercise are complied with; but if they are not complied with, the attack will be regarded as collateral." And again in section 285, same volume, it is said: "Thus whenever it appears in a suit to vacate or cancel a judgment—whether this be the only relief sought or whether it be but incidental to other proper relief—that a person interested therein has not been made a party, the attack will be regarded as collateral. * * *"

From these announced rules of law it would seem that a bill of review is to be considered as a collateral attack on the judgments sought to be vacated just the same as any of the other proceedings which have for their purpose the vacating of judgments when all the necessary parties to constitute it a direct attack are not before the court. Treating this case, then, as a collateral attack, the bondsmen would not be necessary parties, and the rule which authorizes the reversal and remanding of the case when there is a lack of necessary parties to the suit could have no application. And since no error is assigned which would authorize reversal of the case when considered as a collateral attack, it becomes our duty to affirm the trial court's judgment.

The judgment of the trial court is therefore affirmed.