## "56" PETROLEUM CORPORATION OF TEXAS v. RODDEN et al.

### No. 6766.

Court of Civil Appeals of Texas. Texarkana.

Nov. 13, 1936.

Rehearing Denied Nov. 19, 1936.

Massingill & Belew, of Fort Worth, and Jerome P. Kearby, of Bowie, for relator.

King, Mahaffey & Wheeler, of Texarkana, and Bramlette & Meredith and R. B. Levy, all of Longview, for respondents.

SELLERS, Justice.

This is an original application to this court by relator for a writ of prohibition to prevent J. H. Rodden and others, respondents, from further prosecuting a certain suit filed in the probate court of Gregg county. The facts upon which the relief is sought are not in dispute and may be stated as follows: Some time prior to May 7, 1936, J. H. Rodden and others filed in the probate court of Gregg county a suit in the nature of a bill of review which had for its purpose the vacating of certain judgment appointing R. R. Collins as guardian of the estate of Dollie Rodden, and also various other orders of that court authorizing the guardian to execute oil and gas leases and to sell certain mineral rights. The relator and a number of others were defendants in that suit and filed appropriate answers therein. Among other matters set up in their answer was the plea of innocent purchaser of the mineral interest acquired from the guardian. A trial of the case was had, which resulted in a judgment that the plaintiffs take nothing by their suit. From this judgment the defendants appealed to the district court and there a like judgment was rendered, from which an appeal was prosecuted to this court, where the judgment of the district

court was in all things affirmed on May 7, 1936. This court, in disposing of the appeal as pointed out in the opinion Rodden v. Smith, 95 S.W.(2d) 997, held that the bondsmen of the guardian were necessary parties to appellants' suit in order for it to constitute a direct attack upon the orders and judgment of the probate court, and since such bondsmen had not been made parties, the suit would be disposed of as a collateral attack upon such judgment and orders, and refused to consider the assignments of error relied upon by appellants for a reversal of the judgments of the probate and the district court, since such assignments presented matters which could only be taken advantage of in a direct attack.

Thereafter, on May 20, 1936, J. H. Rodden and others brought another suit in the probate court of Gregg county in all respects the same as the original suit, except that the bondsmen were named parties defendant in the second suit. It is this second suit that relator seeks to prohibit the respondents from prosecuting. It will be observed that the only difference between the two suits is that the first which was prosecuted to final judgment was a collateral attack upon the judgment and orders of the probate court, while the second suit is an attempt to directly attack the same judgment and orders on the same alleged grounds. We will therefore refer to the first suit as the collateral attack and the second suit as the direct attack.

If it can be said that the collateral attack is res adjudicata of the same issues sought to be relitigated in the direct proceedings, then it follows that this court has the power to issue the writ of prohibition, since the judgment in the collateral attack was affirmed by this court, which had the effect of making that judgment the judgment of this court, and the prosecution of the direct attack would be an interference with the enforcement of the judgment of this court. Yount-Lee Oil Co. v. Federal Crude Oil Co. (Tex.Civ. App.) 92 S.W.(2d) 493, and authorities there cited.

■ There can be no dispute of the fact that both suits have a single purpose in view, and that is the setting aside of the same orders of the probate court. In this connection it will be remembered that both the direct and the collateral attacks are predicated upon an effort of some kind to overhaul or destroy the judgments. Freeman on Judgments, vol. 1 (5th Ed.) § 306, p. 604. It has long been the settled law of this state that when a suit is brought with a view of directly attacking a judgment and the suit fails for some reason to meet all the requirements of a direct attack, it will be disposed of as a collateral attack. Tex.Jur., vol. 25, §§ 282, 285. When such a suit has been prosecuted to final judgment, it seems to us that the validity or invalidity of the judgment assailed thus established should be forever binding upon the parties to the suit, unless the judgment establishing the validity or invalidity of the judgment assailed is itself set aside by a proper proceedings for that purpose. If this is not true, and the same plaintiffs can relitigate the validity of the same judgment and orders on the same grounds, then it follows that, notwithstanding the court in the collateral proceedings had jurisdiction to vacate the judgment and jurisdiction of the parties at least to constitute a collateral attack, and having exercised that jurisdiction and entered a final judgment refusing to vacate the judgment, it settled nothing, for the only ultimate issue involved was the vacating of the judgment.

■ We are convinced that the plaintiffs in the direct attack are bound by the general rule of law, well-recognized in this state, that a judgment "is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause." Foster v. Wells, 4 Tex. 101, 104; Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 47 Am. St.Rep. 79. The plaintiffs in the first suit had open to them a direct attack and they failed to avail themselves of it and relied upon a collateral attack, and are therefore bound by the results of that suit.

■ In view of the foregoing rules of law, we hold that the judgment in the collateral proceedings is res adjudicata and a bar to the direct proceedings. Duke v. Gilbreath (Tex.Civ.App.) 2 S.W.(2d) 324, 325; In re Clifford, 37 Wash. 460, 79 P. 1001, 107 Am.St.Rep. 819.

The writ of prohibition will issue as prayed for.