## "56" PETROLEUM CORPORATION v. RODDEN et al.

Court of Civil Appeals of Texas. Texarkana.

March 28, 1940.

Rehearing Denied April 4, 1940.

Massingill & Belew, of Fort Worth, for relator.

Wilcox & Wood, of Georgetown, and Lee & Porter, of Longview, for respondents.

JOHNSON, Chief Justice.

This is an original application to this court by relator for a writ of prohibition to prevent J. H. Rodden and others, respondents, from further prosecuting a certain suit, No. 11672-A, in the District Court of Gregg County, 124th Judicial District.

History of the litigation involved is given in reported opinions of this court in cause No. 4969, styled Rodden v. Smith, 95 S.W. 2d 997, and in "56" Petroleum Corporation of Texas v. J. H. Rodden et al., cause No. 6766, 98 S.W.2d 269. We shall repeat only such facts as appear material to an understanding of the issues to be determined in the present proceedings.

Dollie Rodden was adjudged insane and R. R. Collins was appointed, and qualified, as guardian of her estate, in the Probate Court of Gregg County. Pursuant to orders of said court, R. R. Collins as such guardian executed oil and gas leases and a conveyance of ½ the minerals, covering 23 acres of land owned by Dollie Rodden in Gregg County, through and under which conveyances relator acquired an interest in the properties.

Thereafter J. H. Rodden and Roy Wilson as next friend of Dollie Rodden, a non compos mentis, filed in the County Court of Gregg County suit in the nature of a bill of review as provided by R.S.1925, Article 4328, seeking to vacate, or have declared void the order of said court appointing R. R. Collins guardian of the estate of Dollie Rodden, as well as the judgments of that court authorizing and confirming sale of ½ the minerals in, and of the leasing of said land for oil and gas. The relator and a number of others were made defendants and filed answers in that suit. Trial of the case resulted in judgment that plaintiffs take nothing. Plaintiffs appealed to the District Court of Gregg County. Trial in the district court resulted in a like judgment as that rendered in the county court. Plaintiffs prosecuted an appeal to this court. The judgment of the district court was affirmed on the merits by this court May 7, 1936, cause No. 4969, Rodden v. Smith, 95 S.W.2d 997. In affirming the judgment of the district court this court followed the law as declared in Pure Oil Company v. Reece, 124 Tex. 476, 78 S.W.2d 932, the controlling facts of the two cases being identical. The judgment of this court affirming the judgment of the district court became final, without writ of error being applied for.

Thereafter, on May 26, 1936, J. H. Rodden and Roy Wilson as next friend of Dollie Rodden, a non compos mentis, filed a second suit in the county court of Gregg County in the nature of a bill of review as provided by R.S.1925, Article 4328. The second suit was in all material respects identical with the first suit, except that the sureties on the guardian's bond of R. R. Collins were made defendants in addition to the original defendants named in the first suit.

On September 10, 1936, "56" Petroleum Corporation of Texas, one of the defendants in the first and in the second suit, filed an original application in this court for a writ of prohibition to prevent prosecution of said second suit in the county court. Upon hearing of the application and respondents' answer thereto, this court granted a writ of prohibition as prayed for. The opinion of this court granting the writ of prohibition is reported in "56" Petroleum Corporation of Texas v. J. H. Rodden et al., Tex.Civ.App., 98 S.W.2d 269.

Thereafter, on November 12, 1937, J. H. Rodden as next friend of Dollie Rodden, a non compos mentis, filed suit No. 11672-A in the District Court of Gregg County, 124th Judicial District, naming therein as defendants the same defendants, including the "56" Petroleum Corporation of Texas, who were defendants in the two former suits, and naming as additional defendants the appraisers who appraised the estate of Dollie Rodden in the guardianship proceedings and the sureties who signed the sales bond therein. The petition seeks to vacate the same orders and judgments of the Probate Court of Gregg County, and on the same or similar grounds as alleged in the two former suits, and to recover the mineral interests leased and conveyed under said orders and judgments.

Thereafter, on December 9, 1937, the "56" Petroleum Corporation of Texas as relator filed the present application for writ of prohibition to prevent respondents from further prosecution of said suit No. 11672-A in the District Court of Gregg County. Relator's application is based upon the alleged ground that the judgment of this court in cause No. 4969, Rodden v. Smith, 95 S.W. 2d 997, affirming on the merits the judgment of the district court is res adjudicata of the matters sought to be litigated in respondents' suit No. 11672-A, pending in the district court for the 124th judicial district.

Respondents answered and set up the contention, in substance, that since conveyances had been executed pursuant to the orders and judgments of the probate court attacked, and since such judgments had thereby become essential links in the purchasers' title, that any suits to vacate or determine the validity of such judgments necessarily involved the exercise of jurisdictional power to try title to the land. Hence the county court was without jurisdiction to entertain the bill of review filed therein; that the county court being without jurisdiction to hear and determine the bill of review, the district court on appeal, acquiring only appellate jurisdiction, was likewise without jurisdiction to hear and determine the bill of review; that the judgment of the district court being void for want of jurisdiction, the Court of Civil Appeals on appeal of the case acquired only the limited jurisdiction to declare the judgment void and dismiss the case; therefore, the judgment of the Court of Civil Appeals in cause No. 4969, Rodden v. Smith, 95 S.W.2d 997, affirming the judgment of the district court is void, hence not res adjudicata of the same issues

sought to be litigated by the respondents' suit No. 11672-A pending in the District Court of Gregg County.

The issue involved is one of law, namely, after conveyance has been consummated pursuant to the orders attacked, does the county court have jurisdiction to entertain a bill of review as provided by R.S.1925, Article 4328, seeking to vacate the orders of the probate court granting and confirming the guardian's sale of land.

We decided the question in the affirmative, holding that the county court did have jurisdiction. We so decided because such had been the implied holding by reason of decisions on the merits in the following cases: Pure Oil Company v. Reece, 124 Tex. 476, 78 S.W.2d 932; Pure Oil Co. v. Clark, Tex.Com.App., 56 S.W.2d 850; Neal v. Holt, Tex.Civ.App., 69 S.W.2d 603, writ refused; Parker v. Bowers, 37 Tex.Civ. App. 252, 84 S.W. 380, writ refused; Mullinax v. Barrett, Tex.Civ.App., 173 S.W. 1181; Kelsey v. Trisler, 32 Tex.Civ.App. 177, 74 S.W. 64; Damron v. Rankin, Tex. Civ.App., 34 S.W.2d 360, and other cases since enactment of Article 4328 in 1846, authorizing such bills of review in the county court, and upon that theory we granted the application for writ of prohibition prayed for in this cause by relator. A motion for rehearing was filed by respondents. The same question was at that time before this court in another case, cause No. 5182, Farley v. Dorsey. We certified the question to the Supreme Court in that case, and pending answer of the Supreme Court we carried under consideration the motion for rehearing in the present case. The Supreme Court answered the question in the negative, Farley v. Dorsey, 135 S.W.2d 89, 90, holding that the county court did not have power to entertain the bill of review after conveyance had been made pursuant to the orders and judgments attacked, "for the reason that in such case the order acquires the character of a muniment of title to the land involved, and, regardless of whether the order be void or merely voidable, the power to declare it void necessarily involves the exercise of power to try title to land. The power to try title to land is confided by article V, section 8, of our Constitution, Vernon's Ann.St., in the district court in the following words: 'The District Court shall have * * * jurisdiction * * * of all suits for trial of title to land * * *.' The power to try title to land is comprehended by the provision of section 16 of the same article of the Constitution which provides that the county court 'shall not have jurisdiction of suits for the recovery of land.'"

After the question was answered by the Supreme Court, the relator has by permission of this court filed additional argument and authorities, in which argument it raises the contention, in substance, that this court in affirming on the merits the judgment of the district court in cause No. 4969, Rodden v. Smith, supra, and by issuing a writ prohibiting prosecution of a second suit by the same parties in the county court in cause No. 6766, styled "56" Petroleum Corporation of Texas v. Rodden, 98 S.W.2d 269, thus by implication had sustained jurisdiction in the county court to try cause No. 4969, and that our judgment was res adjudicata of respondents' suit pending in the district court. As supporting its contention, relator cites, among other authorities, the following cases: Wetherell v. Santex Gas & Oil Co., Tex.Civ.App., 93 S.W.2d 543; Travis County v. King Iron Bridge Mfg. Co., 5 Cir., 92 F. 690; Murphy v. India Tire & Rubber Co., Tex.Civ.App., 27 S.W.2d 1110; Thompson v. Louisville Banking Co., 55 S.W. 1080, 21 Ky.Law Rep. 1611; Cain v. Union Central Life Ins. Co., 123 Ky. 59, 93 S.W. 622, 124 Am.St.Rep. 313; City of Houston v. City of Palestine, 114 Tex. 306, 267 S.W. 663. We do not think that any of the authorities sustain relator's position in this case. The county court being without constitutional power to entertain the suit in the first instance because it "involve[d] the exercise of power to try title to land," Farley v. Dorsey, supra, the district court in the exercise of its appellate jurisdiction on appeal of the case from the county court was likewise without power to try the merits, and its judgment doing so was void. Williams v. Steele, 101 Tex. 382, 108 S.W. 155; Berry v. Barnes, Tex.Civ.App., 26 S.W.2d 657; 3 Tex.Jur. 77 et seq.; 3 Tex.Jur. 130. And for the same reason the judgment of this court attempting to affirm the judgment of the district court is void. Chambers v. Hodges, 23 Tex. 104, 105, 111, in which it is said: "The only question which remains to be considered is, whether the judgment of the district court was void by reason of the alleged incompetency of the judge presiding at the time of its rendition. If so, it must be conceded, that the judgment of affirmance rendered by this court, could not impart to it validity, but would itself be void by reason of the nullity of the judgment appealed from. Horan v. Wahrenberger, 9

Tex. 313 [58 Am.Dec. 145]. If a void judgment, it may be vacated and its execution enjoined at any time."

The judgment of this court affirming the judgment of the district court being void, it is not res adjudicata of respondents' suit pending in the district court. 26 Tex.Jur. 72. Courts of Civil Appeals are authorized to issue such writs as are "necessary to enforce the jurisdiction of said courts." R.S. Article 1823. But we would not be warranted in issuing a writ prohibiting the prosecution of relator's suit in the district court because such suit may interfere with the execution of a judgment of this court that is void.

The motion for rehearing will be granted and the judgment of this court authorizing the writ of prohibition heretofore entered will be withdrawn and relator's application denied.